NEW-YORK,
May, 1810.

The Executors of DUBOIS *against* VAN ORDEN.

Executors of
DUBOIS
v.
VAN ORDEN.

THIS was an action of covenant, for the non-payment of rent, on a lease.

The declaration, after setting forth a lease from *H. Dubois*, the testator, to *Peter Dubois*, and an assignment thereof by him to the defendant, stated, " that after the defendant became and was possessed of the premises, &c. by assignment thereof, to wit, on the 1st *May*, 1806, 100 dollars of the rent aforesaid, for one year, after the said demised term elapsed, since the defendant so became possessed of the premises, by assignment, as aforesaid, on that day, in the year aforesaid, became, and was due and owing, and in arrear, and unpaid, from the defendant, assignee as aforesaid, to the said *H. Dubois*, deceased, in his life-time," &c.

To this declaration there was a special demurrer and joinder. The causes of demurrer were, 1. That the rent is stated as accruing from one year after the demised term had elapsed.

2. That it is stated, that the rent became due on that day, in the year aforesaid; and two different years being mentioned in the declaration, it was uncertain which year was intended.

3. That it is not averred, that *H. Dubois*, in his lifetime, kept and performed his covenants and agreements, on his part to be kept and performed.

4. That it is not stated that *Peter Dubois*, the lessee of the demised premises, had not paid the rent claimed in the declaration, to *H. Dubois*, in his life-time, or to the plaintiffs, his executors, since his death.

The cause was submitted to the court, without argument.

*In margin:* In an action of covenant, for rent due on a lease, against the assignee of the lessee, the plaintiff need not aver, in his declaration, that the lessee had not paid the rent; it is sufficient if he states that the rent accrued subsequent to the assignment to the defendant, and that the same was due and owing to the plaintiff, and wholly in arrear and unpaid.

NEW-YORK,
May, 1810.

GONNIGAL
v.
SMITH
and others.

*Per Curiam.* The three first causes of demurrer are frivolous. The last is the only one that merits any attention. The declaration was taken from 1 *Richardson's Practice,* C. B. 329. a book of approved precedents, and it is, no doubt, according to the usual form in such cases. (*Doug.* 183. *Holford* v. *Hatch,* and 1 *Lutw.* 351. *Lamplugh.* v. *Shiers.*) The precedent in *Lutwyche,* is also in point, and a sufficient authority for the pleading. When the declaration avers, that the rent accrued subsequent to the assignment to the defendant, was due and owing to the testator, and still remains wholly in arrear, and unpaid from the defendant, it states a breach, in sufficient terms. It would be idle to go further, and say, that the lessee had not paid it, for that was already implied in the averment, that the defendant owed it.

Judgment for the plaintiffs.