MEAD *versus* DANIEL, et al.

The complaint of a party, in a proceeding before a justice for Forcible entry and Detainer, need not specify the land by statutory demarkations of section, township, and range: any description by metes and bounds, and objects of notoriety in the neighborhood, is sufficient.

In such proceeding, the law does not require the Justice to record and certify all the evidence before him. It is only necessary to record and certify such as is admitted after objection, or rejected when offered.

An unexpired term of years, is a sufficient estate to support this proceeding.

THIS was an action before a Justice of the Peace in Blount county, for forcible entry and detainer.—— On the trial before the Justice, a judgment was rendered in favor of the plaintiff in error. The defendants having taken the case to the Circuit Court by *certiorari*, assigned, among other causes—

1st. That the complaint did not specify the land with sufficient certainty, nor the estate of the plaintiff therein.

2d. That sufficient evidence was not recorded.

The Circuit Court reversed the judgment of the Justice, and the plaintiff took his writ of error to this Court.

By Mr. Justice THORNTON.

This was a proceeding had before a Justice of the Peace, instituted upon the complaint of the plaintiff in error, for a forcible entry and detainer, by the defendants. The proceedings were brought into the Circuit Court of Blount county, according to the statute regulating such case, by writ of *certiorari*, where various errors were assigned, upon which, the judgment of the Justice was reversed. From this judgment of the Circuit Court, a writ of error has been taken to this Court. The assignment of errors here,

involves the same matters, which were adjudged below. Of these various grounds, which are six in number, all of them except two, are errors of fact, of the existence of which, the record not only presents no evidence, but on the contrary, is contradictory of them.

It is needless to use any argument to shew, that the remedy for such errors as those, cannot be available in a proceeding, where the record alone is the matter to be tried; and that too, by itself—not by extraneous matter of proof, resting in parol.

The fifth and sixth errors, relate to the record as it exists; and as to the former, viz. that the complaint does not sufficiently specify the land, nor the estate of the claimant therein, we think both of those requisites of the law are substantially complied with. The estate is alleged to be an unexpired term of years; and the land, though not described by the statutory demarkations of range, township, and section, is delineated by metes and bounds, calling for natural objects of notoriety in the vicinage.

As to the latter of the two errors above mentioned, as referring to the record returned, which is, that there is no evidence recorded to support the verdict of the jury, the law does not require the Justice to record and certify all the evidence, nor any of it indeed, except such as was admitted after objection, or rejected when offered.

We think that there was error in the reversal of the judgment of the Justice of the Peace, and that the judgment of the Circuit Court be therefore reversed; the judgment of the Justice affirmed; and that the same be certified to the Circuit Court, that a *procedendo* may issue to the Justice.