Mr. Justice Scott delivered the opinion of the Court. Several decisions of this Court on kindred questions lead directly to a conclusion upon the question of jurisdiction raised in this case. The cases of Berry vs. Linton, 1 Ark. 252. Heilman vs. Martin, 2 Ark. 158. Wilson vs. Mason et al. 3 Ark. 494. More vs. Woodruff, 5 Ark. 214, and Collins vs. Woodruff, 4 Eng. 465, all show more or less distinctly that it is the amount prima facie recoverable at law in satisfaction of each separate and distinct contract sued on that is taken to be' the amount in controversy as a test of jurisdiction, in all cases except that class pointed out in Heilman vs. Martin, where a plea to the jurisdiction may be filed, and will be so taken even as to these in the absence of such plea. Accordingly, it was held, in the case first cited, that three separate contracts, each for less than one hundred dollars, but in the aggregate more than that sum, could not be joined, and thereby give jurisdiction to the Circuit Court. And in the case of Wilson vs. Mason et al., that a contract for less than one hundred dollars could not be joined with one above that sum, and thereby give the Circuit Court jurisdiction of the former; and in Collins vs. Woodruff, 'that although the two separate contracts sued on amounted, in the aggregate, to more than one hundred dollars, the justice was not thereby ousted of his jurisdiction, although both demands were included in one action, as to hold otherwise, would be to multiply suits and increase costs unnecessarily, since both were in his jurisdiction and could be sued separately. Each item in an account, however, has never been held to be a separate contract within the meaning of these cases; on the contrary, it was first said by thé Court, in Wilson vs. Mason et al., (3 Ark. 499,) that “ The law contemplates the obligation arising thereon to be inchoate and as remaining always open, subject to the addition of other items or demands until the account , is finally stated or determined by some act of the parties, when the balance struck, or aggregate of the account, (and not each separate item,) is considered in law as one definite and complete charge constituting a single demand arising as upon a contract embracing a number of things and a variety of items or subject matters of charge forming the basis only of a single action at law.” And afterwards held, in Hempstead vs. Collins, (1 Eng. R. 533,) that where an open account amounted to more than one hundred dollars, but was reduced by credits that appeared upon it to a less sum, and the plaintiff claimed only the balance, that the justice had jurisdiction; and the case of Brinkley vs. Baring, (2 Eng. 165,) is to the same point. And the same principle was applied on a different state of facts in Lafferty vs. Day, Williams & Co., 2 Eng. 255. Nor are these latter cases, though better sustained by authority, any real departure in principle from the former: all proceeding upon the idea of a separate and distinct contract being the test, and at the same time that the amount properly to be claimed as recoverable in satisfaction of such separate contract, is the true criterion of the amount in controversy to determine the jurisdiction as to such separate contract. Upon the same principle, a bond or note, although given for a larger sum, if reduced by credits to a sum within the jurisdic-tionof a justice and only what was actually due as a balance is claimed in a suit before the justice, he will have undoubted jurisdiction. So, upon a like foundation, it has been repeatedly held, by the Supreme Court of Alabama, that, although an open account for an amount beyond the jurisdiction of a justice cannot be broken up so as to ground several actions before him, yet the plaintiff may elect to proceed for an amount within his jurisdiction,, by discarding so much of Ms account as may be beyond the justice’s jurisdiction, and proceed only for such items as may amount to the sum of that jurisdiction: and also of a note or bond after being reduced by voluntary credits. The recovery in all such cases going to the whole contract and extinguishing all claim to that which was discarded. King vs. Doughty, 2 Stew. R. 487. 5 Stew. & Porter 198. Bond vs. Nicholl, 2 Porter 86. The rule, then, that seems to have been established by the various decisions of this Court, is, in substance, that although a separate contract that is witMn the jurisdiction of a justice cannot be recognizable elsewhere either by'reason of its being, united in one suit with another one, above or below the sum of its jurisdiction, and thereby make, in the aggregate, a sum in controversy, within the meaning of the constitution, beyond its jurisdiction; nevertheless, a contract originally beyond the jurisdiction of a justice may be properly brought within it by being reduced by credits to below the sum of one hundred dollars, if the balance only be claimed. A justice, then, can never claim jurisdiction of any case upon a contract beyond one hundred ■dollars, unless the amount in controversy in such case is one hundred dollars or under. In the case before us it is conceded that if the covenant in question is to be regarded as an entire contract, no action is maintainable before a justice: but it is insisted that, inasmuch as suit has been instituted to recover damages before all the in-stalments have fallen due, this must be considered as an election ■on the part of the convenantee to treat it as a several contract, and therefore it must be regarded as five distinct and separate contracts. However plausible this may seem, the question seems to have been otherwise settled even so far back as before the days of Lord Coke, and although the reasoning upon which the conclusion is based, that this is butone entire contract and is not joint and several in its nature, is not altogether so satisfactory as that which sustains other doctrines of the common law by no means so distinctly settled, nevertheless there can be no doubt but that this is the law; (2 Bac. Abr. 281. Rudder vs. Price, 1 H. Black. 547;) and is the foundation of a doctrine equally well settled, that an action of debt cannot be maintained on such a contract until all the instalments fall due. The justice’s jurisdiction claimed in this case cannot then be predicated upon the foundation that the contract is for an amount within that jurisdiction, and can be maintained, if at all, upon the other ground, that is to say, that, although the contract is for an amount beyond his jurisdiction, yet the only matter in controversy upon it is within his sphere. If but one in-stalment had been due instead of three, when this action was commenced, the claim of jurisdiction might have been well found-■ded; but, as three were due, it would seem to be impossible to sustain it unless it be lav/, that'Vv hen two or more stipulations in a covenant be broken at the time an action is commenced to recover damages for these breaches, that a separate action must be brought for each breach, which will not be pretended. It is true that, in a case like this, upon the non-payment of each instalment a cause of action arises, and that an action, if brought, is, in some sense, an action upon the contract; but it is not the foundation of any action to recover the debt or any part of it, or that extinguishes or seeks satisfaction of the contract, but to recover damages. Nor is the covenantee bound to proceed at all, but at his own election. He may think proper not to proceed until every stipulation of the contract is broken and then proceed for the debt; and so he may elect not to proceed until two or more of the stipulations are broken, and then proceed for damages. And when he thus elects so to proceed after two or more of the stipulations are broken, no known rule of law will compel or even allow him to harrass the defendant with a separate suit for the breach of each stipulation. And although in such case the damages would be measured by the amount of the aggregate of the instalments and interest unpaid, and perhaps the jury could not go beyond this, and therefore in truth the action is grounded upon the non-payment of the in-stalments, (See Lowe vs. Peen, 4 Burrows 2228, 2229,) yet it is not the less in essence an action for damages, where there is no room for an election to proceed for the debt, and consequently the damages proceeded for are an entire thing, although the result of the breach of two or more stipulations of the contract. In such case, to hold that a separate action must be brought to recover several damages for each breach, .when at the time of the institution of the action several breaches had been made, would, to say the least of it, be an anomaly in contradiction to several known rules of law. To require the plaintiff, in such a case, to bring several actions to recover damages for the several breaches, would be no less unreasonable than to require him, when he had elected not to sue until all the instalments were due, and upon his then electing to sue in covenant in preference to debt, to bring five several actions of covenant upon the one contract. In both cases, when the contract is so large as that on which this action is brought, the amount recoverable by law in an action of covenant and which is the amount in controversy, is above the jurisdiction of the justice. In this case there is no effort to evade the jurisdiction of the justice by a mere form of action, as was the case in Crabtree & Crabtree vs. Moore, 2 Eng. 74. There the amount in controversy was within the justice’s jurisdiction, and that amount was recoverable as a debt. In the case at bar,'the amount recoverable is beyond the jurisdiction, and is not recoverable as a debt. By efflux of time a cause of action (not a separate contract) which a party might have proceeded on before a justice, had he elected to do so, has, by lawful cumulation before such election, passed beyond that jurisdiction in the same manner that a running account passes from one jurisdiction to the other, by the addition of item after item, before the party entitled to do so had elected to treat it as a ground of action. In the light of these views, then, we are of opinion that the Court below erred in sustaining the demurrer, and therefore the judgment must be reversed, and the cause remanded to be proceeded with. State vs. Daniel, State vs. Holmes, State vs. Hays, State vs. Cooksey, and State vs. Drennen, came up on the same point decided above, and went off with this case.