## TOWNSEND *vs.* VAN ASPEN.

[FORCIBLE ENTRY AND DETAINER.]

1. *Sufficiency of complaint; averment of possession.*—An averment that the plaintiff was " lawfully and peaceably possessed of a leasehold interest or estate in the following premises," is not a sufficient averment of actual possession.

2. *Same; averment of entry and detainer.*—An averment that the defendant " forcibly and unlawfully entered upon said premises, and now, although he has been notified in writing to quit said premises, still forcibly detains the same, and unlawfully refuses to quit," though fuller than necessary, is substantially good.

3. *Same; description of premises.*—" The following premises, situated in the city of Mobile, and known and described as follows: all that certain piece, parcel, or lot of land, known as No. 268 of the Orange Grove tract, situated on the corner of Jackson and Lipscomb streets, in the city of Mobile,"—is a sufficient description of the premises in controversy.

4. *Recovery by plaintiff after expiration of lease.*—Since the question of title is not in issue in an action of forcible entry and detainer, (Code, § 2859,) the fact that the plaintiff's lease, under which he was in possession at the time of the defendant's entry, has expired before the trial, is no bar to a recovery by him.

APPEAL from the City Court of Mobile.
Tried before the Hon. HENRY CHAMBERLAIN.

THIS action was commenced in a justice's court, on the 29th March, 1859. The cause of action endorsed on the summons was, " unlawful entry and detainer." The complaint was in the following words : " The complaint of H. Van Aspen respectfully showeth—1st, that on the 23d day of March, 1859, he was lawfully and peaceably possessed of a leasehold interest or estate in the following premises, situated in the city of Mobile, and known and described as follows : all that piece, parcel, or lot of land, known as No. 268 of the Orange Grove tract, situated on the corner of Jackson and Lipscomb streets in the city of Mobile; 2d, that on said 23d day of March, 1859, one F. Townsend forcibly and unlawfully entered in and upon

said premises, and now, although he has been notified in writing, for more than forty-eight hours, to quit said premises, still forcibly detains the same, and unlawfully refuses to quit.    Wherefore, he prays that process may issue," &c. After the removal of the cause, by appeal, to the city court, the complaint was struck from the files, on the defendant's motion, on the ground that there was a variance between it and the endorsement of the cause of action on the summons; but the judgment of the city court was reversed by this court, at its June term, 1859, and the cause was remanded.—See the case reported in 36 Ala. 582.

After the remandment of the cause, the defendant demurred to the complaint, and assigned the following (with other) causes of demurrer : "1st, because it contains no sufficient description of the land, the possession of which is sought to be recovered; 2d, because it charges a forcible entry and a forcible detainer, when either, if alleged and proved, would have been sufficient, and both should not properly have been alleged in the same complaint, where it contains only one count; 3d, because it fails to aver that, at the time of the alleged forcible entry, the plaintiff was in the actual possession of the premises; 4th, because the estate or leasehold interest of the plaintiff is not set out in the complaint, so that the court may see whether the same has not heretofore expired and determined, and whether or not, on such expiration and determination, the defendant is not the reversioner of the estate."    The court overruled the demurrer ; the defendant then pleaded not guilty, and issue was joined on that plea.

On the trial, at the December term, 1860, the plaintiff's evidence showed that he was in possession of the premises in March, 1859, (at the time of the defendant's entry,) under a lease from one O'Donnell, which expired on the 1st November, 1859.    The defendant thereupon requested the court to instruct the jury, "that, if the plaintiff's possessory interest in the premises expired on the 1st November, 1859, they must find for the defendant."    The court refused to give this charge, and the defendant excepted.

The overruling of the demurrer to the complaint, and the refusal of the charge asked, are now assigned as error.

ALEX. MCKINSTRY, for appellant.

K. B. SEWALL, *contra.*

STONE, J.—When this case was before in this court, we said nothing about the sufficiency of the complaint: that subject was not then before us. The present complaint is demurred to ; and one of the assigned grounds of demurrer is, that the complaint does not aver that the plaintiff, at the time of the grievances, was in the actual possession of the premises. The averment is, that "he was lawfully and peaceably possessed of a leasehold interest, or estate, in the following premises," &c. Being "*possessed of an interest*" in the premises, does not, with reasonable certainty, imply that he was in the actual possession of the premises. If the pleader had owned a lease of the premises, and had sub-let to another, and put him in possession, or even if the lessee had never taken possession under his lease, he could say truthfully that he was "possessed of a leasehold interest." To be possessed of a leasehold interest, is not the synonym of being in actual possession of the premises.—*Russell v. Desplous*, 29 Ala. 308, and authorities cited.

[2.] The allegation in the complaint, that the defendant "forcibly and unlawfully entered upon," "and forcibly detains, and unlawfully refuses to quit the premises," although perhaps fuller than necessary, is nevertheless good.—Code, §§ 2851, 2852.

[3]. We find no defect in the description of the premises, as the same appears in the complaint. From aught that we can know, the sheriff would find no difficulty in recognizing the premises by the description.—*Mead v. Daniel*, 2 Porter, 86 ; *Cunningham v. Green*, 3 Ala. 128 ; *Huffaker v. Boring*, 8 *Ala.* 90 ; *Snoddy v. Watt*, 9 Ala. 611.

[4.] There is nothing in the argument, that the plaintiff's lease had expired before the trial in the city court. If the

plaintiff was in possession, and the defendant forcibly entered upon him, the plaintiff's right was complete ; and the question of title was not one of the issues in the cause. Code, § 2859.

For the error above pointed out, the judgment of the city court is reversed, and the cause remanded.