# HIGHTOWER *vs.* FITZPATRICK'S HEIRS.

[ACTION OF UNLAWFUL DETAINER.]

1. *Unlawful detainer ; relation of landlord and tenant not indispensable to the maintainace of the action.*—The relation of landlord and tenant, between the parties to an action of unlawful detainer, is not indispensable to the maintainance of the action.
2. *Same ; brought by heirs.*—When the heirs bring an action of unlawful detainer, it is unnecessary to aver in the complaint, that they are the only heirs ; this is matter of defense.
3. *Same ; actual possession by plaintiff, not necessary.*—To maintain said action, it is sufficient, if the plaintiff has the right to the possession ; it is unnecessary to aver actual possession.
4. *Same ; complaint in.*—It is unnecessary in a complaint in said action, to aver actual possession within the last three years ; this is matter of defense.
5. *Statutory right and common law remedy.*—Where a purely statutory right is asserted, and there is no statutory provisions giving any specific remedy, the courts will adopt analogous common-law remedies to forward the ends of justice.
6. *Objection to complaint ; when defendant will be deemed to have waived.*—Where a defendant, in the court below, takes issue on the complaint,

and goes to trial without raising any objection as to the complaint not containing a substantial cause of action. he will be deemed, on appeal, to have waived this objection. (BYRD, J., *held*, that the question of the insufficiency of the complaint not having been raised, or insisted on in the brief of counsel, the court is not bound to consider it, even if the complaint was totally devoid of substance.)

APPEAL from the Circuit Court of Pike.
Tried before Hon. H. D. CLAYTON.

THIS was an action of unlawful detainer, brought by the appellees against the appellant ; and was commenced in a justice's court, on the 23d February, 1867. The complaint filed in the justice's court, is as follows :

State of Alabama, } To John J. Owens, justice of the
    Pike county. } peace in and for said county.

William Fitzpatrick, Celia J. Reid, Sarah Mitchell and C. S. Fitzpatrick, heirs at law of Phillip Fitzpatrick, late of Montgomery county, deceased, complain to you that John T. Hightower is in possession of these lands, to-wit : (here describing them,) lying and being situate in said county, the possession whereof the said Hightower unlawfully detains and refuses to deliver the same to them, or their agent ; the possession thereof having been demanded of the said Hightower by their agent, G. W. Ramage. Complainants therefore pray that the proper process issue to give them the possession of said lands, thus unlawfully withheld from them by the said Hightower." The justice gave judgment for the defendant, and the plaintiffs appealed to the circuit court, and amended their complaint by adding the following : "Complainants aver that they were in possession of the land ; that the defendant entered peaceably under an agreement to purchase, and now unlawfully detains, after demand made." The judgment entry recites as follows : " On this, the 13th day of March, 1868, came the parties by attorney, and the defendant demurred to the plaintiff's complaint, as follows : 1st. There is no averment of tenancy. 2d. There is no averment that the plaintiffs are the only heirs of Phillip Fitzpatrick, deceased. 3d. There is no averment of actual possession within the last three years ; all of which demurrers were

overruled by the court and the defendant excepted.   Thereupon came a jury, &c., who, upon the issue joined upon the plea of not guilty, upon their oaths say they find the issue for the plaintiff.   It is thereupon considered by the court, that the plaintiff recover of the defendant the possession of the following lands, to-wit: (particularly describing them,) and also the costs in this behalf incurred, for which let execution issue.   And it is further considered by the court, that a writ of restitution issue to put the plaintiff in possession."   The defendant appealed, and assigned as error:   1. " The refusal of the court to sustain the demurrers raised to the plaintiff's complaint.   2d. The judgment entry of the court.   3d. The various and manifest errors apparent upon the face of the record and judgment of the court."

GARDNER, WORTHY & GARDNER, for appellant.
MARTIN & SAYRE, contra.

BYRD, J.—I.   We will dispose of the causes of demurrer assigned in the order argued by counsel.   The first is, " there is no averment of tenancy."   In the case of *Spear & Thomasson v Lomax*, at the present term, it is said the relation of landlord and tenant between the parties is not indispensable to the maintainance of this action.

The complaint, as amended, avers a holding or possession of the premises by the defendant; but, perhaps, not such an one as is sufficient, if a proper objection had been made before verdict and judgment.   The assignment in this case is too narrow and limited to avail the defendant.   Tenancy in the sense of holding under a landlord, which is the one we must give the term as used in the demurrer, is not indispensable to the maintainance of the action; and as the point that the defendant went into possession under " an agreement to purchase" is not distinctly raised by the demurrer, the court, under the influence of section 2606 of Code, did not err in overruling this assignment.—*Henley v. Bush*, 33 Ala. 640.

II.   It was unnecessary for the plaintiffs to aver they were the only heirs of Phillip Fitzpatrick.   If they were not, and

it were proper that all his heirs should have joined in the action, it would have been a matter of defense by an appropriate plea.

III. Another objection is, "there is no averment of actual possession." Whether this refers to the possession of the plaintiffs or defendant, it is not well taken. If the plaintiffs have the right to the possession, and can so show, without relying on the merits of their title, (Code, § 3307,) this will be sufficient for the maintainance of the action so far as this question is involved.

IV. The last assignment is, "there is no averment of actual possession within the last three years." This is matter of defense by plea, and the complaint need not contain any averment of possession within that time.

V. The argument of counsel for appellant fails to point out any valid objection to the judgment of the court, and we have not been able to detect any. Remedial statutes must be liberally construed, and if we were to hold that because the statute did not authorize a judgment of restitution of the lands, where the defendant had gained the case in the justice's court, and the plaintiff appealed and gained it in the appellate court, it would be sticking in the bark of the statute in aid of a wrong-doer, leaving the injured party without remedy in the particular case. The verdict would only settle the question of costs and perhaps the right to the possession, without giving the plaintiff the fruit of the litigation. Without any statutory provision giving any specific remedy where a purely statutory right or remedy is asserted, the courts would adopt analogous common-law remedies to forward the ends of justice. And this has been too long the practice of the courts to be now brought in question, or to need the aid of a reference to authority to sustain it.

VI. We do not think that, under the last assignment of error, that the appellant is entitled to a reversal of the cause upon the ground that the complaint does not contain a substantial cause of action. We are of opinion that there is sufficient substance in the complaint to sustain the judgment after verdict on issue joined. And this point, if it had been available on demurrer, must be considered as

waived by the defendant taking issue on the complaint and going to trial without objection to the complaint on this point in the mode authorized by law.—Revised Code, §§ 2656, 2811 ; *Eaton v. Harris*, at January term, 1868, 42 Ala. Such is the opinion of a majority of the court. My opinion is that the question not having been raised, or insisted on, in the brief of counsel, we are not bound to consider it, much less to reverse the case thereon, even if the complaint was totally devoid of substance. This court should not allow a party, after verdict and judgment, to avail himself of a ground of demurrer in this court which he did not raise in his demurrer.

Judgment affirmed.