## MILNER AND WIFE *vs.* WILSON.

[UNLAWFUL DETAINER.]

1. *Unlawful detainer; charge to jury, on trial of, what improper.*—In a suit for unlawful detainer, it is error for the court to charge the jury that, if "you find there is nothing in the evidence to support the claim of *ownership*, possession, or right of possession in the plaintiff, *except* the plaintiff's statement, then I charge you that the relation of landlord and tenant is not shown, and you may find for the plaintiff;" because it embraces an inquiry as to "the merits of the title" of the land in controversy, and it withdraws from the consideration of the jury that portion of the evidence included in the "plaintiffs' statement."

2. *Charges not moved for in writing, may be qualified without error.*—Charges which the record fails to show were moved for in writing, will be presumed to have been asked orally, and it is not error to refuse to give such charges, as asked, without qualification, and then to give them with a qualification by reference to another charge already given and not objected to.

APPEAL from Circuit Court of Elmore.
Tried before Hon. JAS. Q. SMITH.

The facts are stated in the opinion.

WATTS & TROY, for appellant.
Neither the record nor the docket give the name of appellee's counsel.

PETERS, J.—This is a proceeding for unlawful detainer, commenced before a justice of the peace.

On behalf of the plaintiff in the court below, there was evidence tending to show that Mrs. Milner purchased the lands in controversy, but at what time is not shown; that that the defendant in the court below "had made some contract with R. M. Milner, one of the plaintiffs, by which he agreed to clear twelve acres of the land in controversy for the use of the same for the year 1867, but that at the beginning of 1868 he denied the renting in 1867, and refused to rent from the plaintiff for the year 1868." There

was also evidence offered on behalf of said defendant in the court below, tending to show that he had been in possession of said lands for eleven years, that it was known as a "dead Indian location;" that he had never rented the land from plaintiffs on contract with them in any way or at any time, nor in any way recognized their right to the same." The bill of exceptions further shows that "an effort was made to prove an admission made by the defendant of renting from the plaintiffs," but "the evidence on this point was conflicting." Upon this state of the evidence, the court, *ex mero motu*, charged the jury in the following words, to-wit:

"If you find from the evidence that the defendant has been in the peaceable possession of the land sued for during the past eleven or twelve years before the commencement of this suit, and that the land during that time was known as government land not located, and that the plaintiffs called upon defendant in the year 1867 and asserted that it was their property, and this induced the defendant to become a tenant for a consideration for the year 1867, under the representation and belief that the plaintiffs were the owners, and you find there is nothing in the evidence to support the claim of ownership, possession or right of possession, in plaintiffs, except the plaintiffs' statement, then I charge you that the relation of landlord is not shown, and you may find for the defendant." This charge was excepted to, and incorporated into the record by bill of exceptions on the part of the plaintiffs below.

The plaintiffs below then asked the court to charge the jury in the following terms, viz:

"1. If the evidence satisfies the jury that the plaintiffs asserted to the defendant that they were the owners of the land, and they did not dispute or call in question, but made terms with the plaintiff for the rent of the land for a specified time, then these facts would establish the relation of landlord and tenant."

"2. If the facts satisfy the jury that the tenant was in possession of the land for a period of years, setting up no claim to the land, and the plaintiffs presented themselves, laying claim to the land, and the defendant rented the same

from the plaintiffs, then the relation of landlord and tenant is established."

These charges the court refused to give as asked, but gave them as qualified by the charge first given by the court in this case, which had not been excepted to. This charge, thus referred to, is as copied below, viz:

"1. If you find from the evidence the plaintiffs were owners of the land sued for in this action, and had the right of possession, and that the defendant rented the land from the plaintiff during the year 1867, for a specified consideration, and you find that after the expiration of the renting for 1867, the defendant, after demand, refused to deliver up the possession to the plaintiff, then you may find for the plaintiffs."

The refusal to give the charges thus asked, and the giving them with the qualification as above shown, was excepted to by the plaintiffs below, and the exceptions were saved by bill of exceptions.

This is a suit to try the right of the possession of the land in controversy, without regard to the ownership thereof; for the ownership of land may be in one person, and the right of possession in another. It is this right of possession that this form of action is intended to try.—Revised Code, § 3307; *Townsend v. Van Aspen*, 3ơ Ala. 572. The second charge given by the court below concludes with this paragraph: "If you find there is nothing in the evidence to support the claim of *ownership*, possession, or right of possession, in the plaintiffs, *except* the plaintiffs' statement, then I charge you that the relation of landlord and tenant is not shown, and you may find for the defendant." This portion of the charge is obnoxious to two objections: the one is, that it makes the plaintiffs' right of recovery depend, in part at least, upon proof of their "claim of ownership" of the land in controversy; and the other is, that it withdraws from the jury the effect of the "plaintiffs' statement" as a part of the evidence. An owner is one who has the legal title, whether he is in possession or not. He may be the lessor of lands, and the lessee from him may be entitled to the possession even against him during the term of his lease. And an inquiry as to ownership

Milner and Wife v. Wilson.

would embrace an inquiry as to "the merits of the title." This can not be done in this form of action.—Rev. Code, § 3307; 38 Ala. 572. *supra.*

It does not very clearly appear from the bill of exceptions what "the plaintiff's statement" was, which is referred to in the charge of the court. But it appears that there was some evidence that Mrs. Milner, one of the plaintiffs, had purchased the lands in controversy, and that there had been a contract between the defendant and Milner, that the said defendant might clear twelve acres of the land for the use of it for the year 1867. The charge of the court must be referred to the testimony, if there is any testimony on which it could be based. Here, this is the only testimony to which it can be referred. To withdraw this testimony from the jury, by the charge, was improper. The facts thus attempted to be proven tended to establish a contract of renting by the defendant, Wilson, and however weak it might have been, the court could not, by its charge, withdraw it from the jury.—*Edgar v. McArn*, 22 Ala. 796. This charge was therefore erroneous.

The charges asked by the plaintiffs below do not appear from the record to have been asked in writing, as required by the Code.—Rev. Code, § 2756. When they are not so asked, it will not be presumed that they were asked for in writing; and if not moved for in writing, such charges may be refused as asked, and given with a qualification by reference to another charge already given, which was not objected to, or which was itself correct.—*Myatts & Moore v. Bell*, 41 Ala. 242; *Lyon & Co. v. Kent, Payne & Co.*, Jan. T. 1871. There, then, was no error in the refusal to give the charges asked except by coupling them with another charge already given, and which was not objected to.

For the error first pointed out above, the judgment of the court below is reversed, and the cause is remanded for a new trial.