## WARREN *vs.* THE STATE,

[INDICTMENT FOR CARRYING ON, SETTING UP, OR BEING CONCERNED IN A LOTTERY.]

1. *Charge asked verbally ; may be modified.*—A charge asked verbally is not required to be given in terms.
2. *Same ; as to the protection afforded by the charter of the Tuskaloosa Scientific and Art Association ;" what not erroneous.*—On the trial of a person indicted for carrying on a lottery without legislative authority, a charge that the use of printed or written refusals of the article drawn, and demands for the payment of their value in money, in pretended compliance with the charter of the Tuskaloosa Scientific and Art Association, but in real evasion of the law, will not give the defendant the protection of that charter, is correct.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.

The appellant was tried and convicted on an indictment for setting up, or being concerned in setting up or carrying on a lottery, without legislative authority, &c.

None of the evidence is set out in the bill of exceptions, but it states that after the evidence had closed, and the general charge had been delivered to the jury, the counsel for the defendant verbally asked the court to charge the jury, " that under section 7 of the charter of the Tuskaloosa Scientific and Art Association, approved Feb. 3, 1866, the simple written refusal of the party drawing an award and asking for an appraisement of the article, which, by the certificate his number should be entitled to, entitled said party to demand and receive the value thereof in

money." This charge the counsel declined to reduce to writing at the request of the court, and the court gave the charge in substance, but not in the exact language in which it was asked, and added the following explanation, viz : " the defendant would have the legal right of disposing by lot or chance, of any of the enumerated articles in the legislative grant ; that an article so chosen would be the personal property of the winner, and he would be at liberty to dispose of it in any manner, and could sell or dispose of it, even to any one of the parties conducting the lottery. But if the jury believed from the evidence that the printed or written refusals on the back of the certificates sold, declining the acceptance of the articles, and requesting payment of the value in money, was a subterfuge on the part of the defendant to enable him and those carrying on the lottery to evade the law by such trick or evasion, then the defendant would not be entitled to protection under the act of February 3, 1866."

The qualification of the charge is now assigned as error.

HENRY ST. PAUL, for appellant.

ATTORNEY-GENERAL, contra.—1. The charge was asked orally, and the court properly refused to give it without qualification.—Milner and Wife v. Wilson, 45 Ala. 478; Lyon & Co. v. Kent, Payne & Co., 45 Ala. 656.

2. The court did not err in the charge given in explanation of the one requested by defendant.—Marks v. The State, 45 Ala. 38.

B. F. SAFFOLD, J.—The appellant was convicted under an indictment for carrying on a lottery, without legislative authority of the State. His counsel declined to put in writing a charge asked, and the court gave it in substance, but added that if the printing, or writing on the back of the certificates sold, declining the articles drawn, and requesting the payment of the value in money, was intended as a subterfuge to evade the law, the defendant

would not be protected under the act incorporating the Tuskaloosa Scientific and Art Association.

The statute requiring charges asked to be given or refused in the terms written, applies only to such as are in writing.—Rev. Code, 2756; *Milner v. Wilson*, 45 Ala. 478.

The charge given was in conformity with *Marks v. The State*, 45 Ala. 38.

The judgment is affirmed.