# Lomax *v.* Spear & Thomason.

*Action for Unlawful Detainer of Lands.*

1. *Bankruptcy as defence.* — The bankruptcy of the defendant in an action of unlawful detainer, pending an appeal by him to the circuit court, pleaded *puis darrein continuance*, is no bar to the action, although the plaintiff has regained the possession of the premises, and the action is only prosecuted for the damages and costs.

2. *Regaining possession by plaintiff.* — If the plaintiff in an action of unlawful detainer regains the possession of the premises, pending an appeal by the defendant to the circuit court, the defendant can only take advantage of this, if at all, by a plea *puis darrein continuance*.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Caroline Lomax against Spear & Thomason as partners, to recover the possession of a storehouse in Montgomery, which the defendants had rented from the plantiff, and held over after the expiration of their term ; and was commenced before a justice of the peace, in October, 1865. The justice rendered judgment for the plain-

[Lomax v. Spear.]

tiff, and the defendants carried the case by appeal to the circuit court, but did not supersede the judgment. In the circuit court, at its June term, 1872, the defendants pleaded, " in short by consent, that since the commencement of this suit, to wit, on the 1st day of May, 1872, defendants have been and were adjudicated and declared bankrupts by the district court of the United States for the middle district of Alabama, and have been regularly and duly discharged by the said court." The plaintiff demurred to this plea, on the ground that bankruptcy was no defence to the action. The bill of exceptions recites that, before and on the argument of the demurrer, " it was admitted that the plaintiff, shortly after the commencement of the proceedings in the cause, entered upon and took possession of the premises sued for, and has ever since held possession of the same ; and that the only question to be disposed of, if the plaintiff should succeed in the cause, was, what the amount of damages should be for the detention of the premises while they were detained." The court overruled the demurrer, and, on the plaintiff declining to take issue on the plea, rendered judgment against her for the costs ; and this judgment and ruling of the court is now assigned as error.

The cause was submitted at the June term, 1873. On the 6th June, 1874, an opinion was delivered, affirming the judgment of the court below ; and on the 21st July, 1874, an application for a rehearing was overruled, with costs. On a second application for a rehearing, on a subsequent day of the term, the opinion herewith printed was delivered by BRICKELL, J., from which SAFFOLD, J., dissented, as shown by his dissenting opinion herewith published. In October, 1874, an application for a rehearing having been filed by the appellee's counsel, the former opinions were withdrawn, and the cause was held under advisement until the January term, 1875, when the last opinion was delivered by MANNING, J., in which the whole court concurred.

WATTS & TROY, JUDGE & HOLTZCLAW, for appellant.

W. P. CHILTON, with SANFORD & MOSES, contra.

(No briefs have come to the hands of the Reporter.)

BRICKELL, J. — In the absence of statutory provisions, after the expiration of a tenancy by its own limitation, the landlord's right of possession becomes complete, and he may at once exercise it by a peaceable entry upon the premises. If the tenant refuses peaceably to quit, the landlord must not resort to force, but must invoke a legal remedy. The common-

law remedy was by an action of ejectment. Taylor on Land-lord and Tenant, § 698. In such action, damages, or the value of the use and occupation of the premises during the continu-ance of the tortious holding, were not recoverable. A subse-quent action of trespass *quare clausum fregit*, after the recovery in ejectment, was the only remedy. Sedgwick on Damages, 131.

The common-law remedies were dilatory, subjecting the landlord to inconvenience and injury, and inducing tenants to disregard the fealty due the landlord. To heal these defects in the common law, a summary remedy is provided by our stat-utes for the expulsion of the tenant. It is declared, an unlaw-ful detainer is when one has lawfully entered into possession of lands or tenements, and refuses, after the termination of his possessory interest, to deliver, on demand in writing, posses-sion to any one lawfully entitled thereto. R. C. § 3300. The remedy prescribed is a proceeding before a justice of the peace, and is summary. R. C. §§ 3302–10. An appeal to the cir-cuit court from the judgment of the justice is authorized. If the appeal is taken by the defendant, the execution of the writ of restitution is not suspended, unless he gives bond with sureties, in the penalty of twice the value of the yearly rent of the premises, conditioned to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal. If the judgment of the justice is affirmed, the circuit court must ren-der judgment against the appellant and his sureties, *for the value of the rent of the premises pending the appeal.* R. C. §§ 3314–16.

A discharge in bankruptcy is not pleadable in an action *ex delicto*, unless, perhaps, in an action for the wrongful taking or conversion of personal property. The form of the action is the decisive test of the propriety of the plea. *Goodtitle* v. *North*, Douglass, 562 ; *Williams* v. *Dickens*, 5 Iredell (Law), 259 ; *Kellogg* v. *Schuyler*, 2 Denio, 73. In *Goodtitle* v. *North, supra*, the action was trespass for mesne profits, and a plea of bankruptcy was interposed, and held bad, Lord Mans-field saying, that the form of action is decisive.

The statutory proceeding for an unlawful detainer is but a substitute for the common-law remedy by ejectment. The right to recover rent accruing, pending an appeal, is intended to avoid the multiplicity of suits, and the delay in the enforce-ment of the right, which was consequent upon the common-law remedy of trespass *quare clausum*, for mesne profits. The statute works no change in the character of the plaintiff's cause of action, nor in the nature of the defendant's liability.

The holding over, after the expiration of the tenancy, is not under any contract, but in violation of the contract under which

[Lomax *v.* Spear.]

the tenant entered. It is not by the permission of the land-
lord, for he warns the tenant to quit, by notice in writing.
The tenancy is dissolved; the contract creating it has expired;
the subsequent holding by the tenant is of his own wrong, in
defiance of the right of the landlord; and when he is compelled
to resort to a legal remedy for the ouster of the tenant, the
cause of action has every element of tort, and not one of con-
tract. The damages which may be recovered on appeal, as inci-
dental to the affirmance of the judgment in favor of the plain-
tiff, is the value of the use and occupation pending the appeal,
and are the mesne profits, which would otherwise be recover-
able only in trespass.

To the statutory action, bankruptcy is not a defence. The
action is for a tort, — is *ex delicto*, not *ex contractu*.

The circuit court erred in not sustaining the demurrer of
appellant to the appellees' plea of bankruptcy; and for that
error, the judgment is reversed, and the cause remanded.

B. F. SAFFOLD, J. (dissenting). — At this term, it was
first decided in this case, that the damages recoverable from a
tenant, holding over after the termination of his lease, and
demand for possession, in an action of unlawful detainer, apart
from the judgment of restitution of the property, is provable
against his estate in bankruptcy, and therefore barred by his
discharge. On a second application for rehearing, this ruling
has been set aside, and a judgment is rendered to the contrary.
I dissent from this latter judgment, and reassert the correct-
ness of the former, for the following reasons : —

The appellant recovered a judgment, in October, 1865,
against the appellees, in an action of unlawful detainer before
a justice of the peace. The latter appealed to the circuit
court. No special damages were claimed, and the writ of
restitution was not suspended. On the trial *de novo* in the
circuit court, the defendants pleaded that, since the last con-
tinuance, they had obtained their discharge in bankruptcy.
In connection with this plea, it was admitted by the plaintiff,
that she had obtained possession of the property *before the
adjudication of bankruptcy*, and that the suit was continued
solely for the recovery of damages and costs. The court sus-
tained the plea over a demurrer for its insufficiency.

The bankrupt law of 1867 is the first of its kind in the
United States, and I believe in England, which allows to be
proved demands " for unliquidated damages arising out of any
contract or promise." § 19. Its 21st section forbids a cred-
itor, whose debt is provable, to proceed to final judgment in
any other court against the bankrupt, without leave of the
bankrupt court. Its 34th section discharges the bankrupt

from all *debts, claims, liabilities,* and *demands,* which were, or *might have been, proved* against his estate in bankruptcy, except those enumerated and reserved in the 33d section. The purpose of the bankrupt law was to restore an insolvent to a position of civil and social usefulness. This could only be accomplished by infraction of the pecuniary demands of others upon him. Under the act of 1867, every debt, judgment, or other liability, proved, or provable against his estate, is released except those mentioned in the 33d section, which are provable, but not discharged. Demands for personal torts and some others have, by judicial construction, been made provable after judgment ascertaining the amount of damage, and are held to be discharged, if proved.

The court holds the *form* of action decisive of the provability of the demand, under the authority of *Goodtitle* v. *North,* Douglas Rep. 562. In that case, bankruptcy (Stat. 5 Geo. 2 cap. 30) was held to be no plea in bar to an action of trespass for mesne profits. Why? Lord Mansfield said, because, " when damages are uncertain, they cannot be proved under a commission of bankruptcy." Ashurst, J., said: " The plaintiff goes for a compensation in damages, the amount of which is uncertain, and cannot be sworn to before the commissioners, but must be ascertained by a jury upon all the circumstances." Buller, J., said: " The damages here are as uncertain as in an action of assault." No such difficulty can arise under our present act, unless, perhaps, in case of special damage, which is not alleged in this case. Section 19 provides: " If any bankrupt shall be liable for unliquidated damages, arising out of any contract or promise, or on account of any goods or chattels wrongfully taken, converted, or withheld, the court may cause such damages to be assessed in such mode as it may deem best, and the sum so assessed may be proved against the estate."

Is the *form* of action decisive of the merits of the plea? Chitty says, the action for mesne profits " is *in form* an action of trespass *vi et armis,* but *in effect* to recover the rents and profits of the estate." 1 Chit. Plead. 193. Shall the creditor decide, at discretion, his debtor's right of release, if he can possibly sue him in a *particular form of remedy?* Or, is it the privilege of the debtor to be released, if his liability is capable of being proved? I take it, that neither of these propositions is entirely true, but that the sound doctrine is, if the demand is usually or frequently regarded and treated in law as one arising out of a contract or promise, express or implied, it is provable, and consequently barred by the discharge. Trespass *quare clausum fregit,* for the recovery of mesne profits from a tenant holding over, is as obsolete as an action on

[Lomax *v.* Spear.]

the case including assumpsit. Assumpsit, debt, and covenant have long been held appropriate remedies against a tenant who holds over after a notice to quit. 1 Chit. Plead. 112, 344, 107, 106, 53 ; *Dubois* v. *Van Orden,* 6 Johns. 105. The action for use and occupation is expressly given by statute for the recovery of double rent, when a tenant, after notice, holds over without the consent of his landlord. R. C. § 2607. The summary statutory remedy by unlawful detainer is no repudiation of the contract feature of the holding. The thing recovered is the value of the use and occupation, which implies a contract or promise of the tenant to pay such value.

In *Crosby* v. *Wentworth* (7 Metcalf's Mass. R. 10), which was under the bankrupt law of 1841, the plea of bankruptcy was held not to bar the recovery of the premises. The court said, the damages were not settled by the judgment. It is well known that the act of 1841 was confined to debts technically, and that the prejudice against it caused congress speedily to repeal it, and the courts greatly to restrict its operation. In *Williamson* v. *Dickens* (5 Iredell's N. Car. R. 259), the court held *implied trusts,* such as those of agents, factors, &c., not to be included in the fiduciary debts excepted from discharge under the law of 1841, because "it could not have been the intention of the national legislature, in passing an act with a view to the relief of bankrupt debtors, so to restrict its operation." But, it held the *form* of the action decisive of the effect of the bankrupt's discharge, on the authority of *Goodtitle* v. *North, supra.* The defendant was said not to owe such a *debt* as *compelled* the plaintiffs to prove it under the commission. The *form* of the action was set against the *effect* of the recovery, the *substance* of the demand, in construing a law designed to free an insolvent person from responsibilities from which, perhaps, he could never escape during his life, but which would effectually exclude him from business and usefulness. I hold the certificate of discharge to be a bar to any demand which the holder is at liberty to prove, in the interest both of the creditor and the debtor.

MANNING, J. — This was an action of unlawful detainer, brought for a store-house in Montgomery by appellant against appellees. From a recital in the record it appears that, not long after the suit was brought, the plaintiff in it took possession of the premises sued for, and has ever since had possession of them, and that it was agreed by the parties that the suit should not be further prosecuted, except to recover damages for the time plaintiff had been kept out of possession. The appellees pleaded, *puis darrein continuance,* their discharge under the bankrupt law from their debts ; to which appellant

[Lomax *v.* Spear.]

demurred. But her demurrer was overruled, and judgment was rendered for defendants below.

With the opinion heretofore read as that of the majority of the court, holding that a plea of discharge as a bankrupt is not a good defence in an action of unlawful detainer, we are satisfied. A similar decision was made by the supreme judicial court of Massachusetts, in *Crosby* v. *Wentworth* (7 Metc. R. 10), in reference to a discharge under the bankrupt act of 1841 ; which, so far as the action of unlawful detainer is concerned, was not different from the act now in force.

But it is urged that, even if it be conceded that the decision made upon the demurrer should not be disturbed, yet appellant, by taking possession of the premises sued for, had " falsified her writ, and thus the suit was by her own act abated. Some old cases are referred to as authorities to this effect. To a similar argument made in the case of *Crosby* v. *Wentworth, supra*, Shaw, C. J., replied : " As to the effect of the plaintiff's entry and taking possession of the premises, pending the appeal, the court are of opinion, that if the defendant could take advantage of it at all, it must be by a plea *puis darrein continuance ;* and not having been so pleaded, at the first term after the entry was made, it is no bar to a judgment. The rule upon which the defendant relies is strictly technical, and a technical answer is therefore sufficient." So we might say in this cause, since no such plea of entry and possession was interposed by the defendants below. The agreement of record was only an admission of certain facts, that dispensed with the necessity of proving them.

But it is proper to say, further, that in order to avoid multiplicity of suits, it is the policy of our law to encourage the practice of assessing the damages to which the owner of property may be entitled for being deprived of the possession and enjoyment of it, in the same suit in which the possession of the property itself is sought to be recovered. It is expressly provided by sections 3312 and 3316 of the Revised Code, that this may be done in the action of unlawful detainer. And the observations and reasoning of CHILTON, J., on this subject, in *Doe, ex dem. Kennedy* v. *Holman et al.* (19 Ala. R. 734), are as applicable to this action as to that of ejectment.

The application for a rehearing is denied.