# Beck *v.* Glenn.

## *Action of Unlawful Detainer.*

1. *Unlawful detainer; when verdict and judgment sufficient.*—In an action of unlawful detainer, a verdict in these words: "We, the jury, find for the plaintiff for the premises sued for, and assess the rents at one hundred and fifty-one dollars," is sufficient; and a judgment rendered thereon is authorized by the statute, which is for the recovery by the plaintiff of the property described in the complaint, ordering the issu-ance of a writ of restitution therefor, and which adjudges the costs against the defendant and the sureties on his appeal bond, to the amount of the penalty of the bond, and as to the balance, against the defendant alone; and which also adjudges that the plaintiff recover of the defendant and the sureties on the bond executed to prevent the issue of a writ of resti-tution, the amount assessed by the jury as rents, the penalty of such bond being in excess thereof.

2. *Same; that plaintiff regained possession after suit brought, no defense.* The action of unlawful detainer, like the action of ejectment as it exists under the statute, being a *mixed* action in which the plaintiff can recover rent, by way of damages, as well as the possession of the property, it is no defense to the action that the plaintiff regained possession of the premises sued for pending an appeal by the defendant to the circuit court.

3. *Same; statute conferring jurisdiction constitutional.*—The statute conferring on justices of the peace jurisdiction in proceedings of unlawful detainer, is not violative of the constitution. *Webb v. Carlisle,* 65 Ala. 313, explained.

4. *Pleas in abatement not favored by the law.*—Pleas in abatement, being dilatory in their nature, are not favored by the law, and are required to be filed as soon as practicable, so as to prevent the unnecessary accumu-lation of costs occasioned by protracted delays, and to guard against the hazard of a bar by the statute of limitations, in the event of the abate-ment of the action on some technical ground not going to the merits.

5. *Same; when should be filed in justice's court.*—While the rule of practice relating to pleas in abatement in the circuit court can not be literally or technically applied in a justice's court, yet, the reason of the rule applying in such court with equal force, the rule certainly can be there applied, to a certain extent, by analogy.

6. *Same; when circuit court committed no error in refusing to allow filed.*—A justice of the peace having declined to permit the defendant in an action of unlawful detainer pending before him, to file a plea of misnomer after the cause had been continued twice on account of the delay, there was no error in the refusal of the circuit court, on appeal by the defendant, to permit him to file the plea in that court.

7. *Unlawful detainer by landlord against tenant; rule as to possession.* While the general rule is, that, in order to maintain an action of unlawful detainer, the plaintiff must have had prior actual possession of the prem-ises sued for, mere constructive possession not being sufficient; yet, where the action is brought by a landlord against a tenant for unlawfully holding over after expiration of his term, the tenant is estopped from disputing the fact of the landlord's prior actual possession, and he there-

[Beck v. Glenn.]

fore can not defend by showing that such prior possession was merely constructive.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of unlawful detainer, commenced before a justice of the peace by Abram N. Glenn against Wilson Beck. The complaint was filed and notice issued on 7th January, 1880, the notice requiring the defendant to appear on 13th of same month. On that day, the parties appearing, the cause was continued, on plaintiff's motion, until 21st January, and it was then again continued until the day following, when the cause was tried. On that day the defendant produced and offered to file a plea of misnomer, but the justice, on plaintiff's objection, refused to allow the plea to be filed, on the ground that it was not filed "at the first term in the justice's court." The justice rendered judgment for the plaintiff, and the defendant appealed to the Circuit Court, executing an appeal bond and also a bond to prevent the issue of a writ of restitution, both bonds having the same sureties and being in substantial compliance with the statute. In the Circuit Court the defendant again insisted on his plea of misnomer, but the court "refused to entertain or consider said plea," and, on motion of the plaintiff, struck the same from the file; to which ruling the defendant excepted. Thereupon the defendant filed a plea, *puis darrein continuance*, setting up as a defense to the action, that the plaintiff had obtained possession of the lot after the defendant's appeal to the Circuit Court. The plaintiff interposed a demurrer to this plea, which was sustained by the court. On the trial in the Circuit Court the evidence tended to show, that in 1877 the lot sued for was a vacant lot, on which the plaintiff had never lived, and which he had never occupied for business purposes; that in the summer of that year he caused a house to be constructed thereon, and before the completion thereof, he rented the lot to the defendant for one year, to commence on first of September, 1877; that he was frequently on the lot and had exclusive control thereof while the house was in process of construction; that the house having been completed, the defendant went into the possession of the lot under his lease from the plaintiff, and continued in the possession thereof under the lease and a renewal thereof, until the first of September, 1879, when his term under the renewal of the lease expired; that after the expiration of his term he continued to hold over, and was in possession of the lot when this suit was commenced; but that after the appeal was taken by him to the Circuit Court, he moved off of the lot, leaving the key of the house in the door; and thereupon the plaintiff took possession

of, and leased it to another tenant. It was also shown that the plaintiff made a demand in writing of the defendant for the possession of the lot as prescribed by the statute, which the defendant refused to surrender, and that the rent of the house and lot was worth from six to ten dollars per month.

"The court, among other things, charged the jury 'that the plaintiff must show that he was in the actual possession of the lot sued for, before the defendant got possession of the same, but that it was not necessary for the plaintiff to have had his foot on every part of the lot. If he had the control and direction of the lot and put up, or had the house put up on the lot, and the defendant obtained the possession of the lot from the plaintiff as his tenant, and was there as the tenant of the plaintiff, then this would be a sufficient possession on the part of the plaintiff to authorize him to recover, if he was otherwise entitled to recover.' The defendant excepted to the latter portion of this charge commencing with the words: 'but that it was not necessary,' etc., down to the end of said charge." The jury returned a verdict in these words: "We, the jury, find for the plaintiff for the premises sued for, and assess the rents at one hundred and fifty-one dollars." The judgment, after reciting the appearance of the parties and the foregoing verdict, proceeds as follows: "It is, therefore, considered by the court that the plaintiff recover of the defendant the premises sued for and described in the complaint, viz: N. ½ of lot No. 8, with the appurtenances thereon, in the town of Georgiana, Butler county, Alabama, for which let a writ of restitution issue. It is also considered by the court that the plaintiff recover of the defendant and E. C. Milner and George P. Heard, the sureties on the appeal bond in this case, the costs in this behalf expended in this court and in the court below. And it appearing that the defendant, with E. C. Milner and George P. Heard, entered into bond in the sum of two hundred and fifty dollars, on the 24th January, 1880, conditioned to pay to the plaintiff the value of the use of the premises sued for pending the appeal to this court, in the event the defendant, Wilson Beck, failed in this suit; and now, upon the motion of the plaintiff, by his attorneys, it is considered by the court that the plaintiff recover of the defendant and the said E. C. Milner and George P. Heard the sum of one hundred and fifty-one dollars, the value of the rents as assessed by the jury as aforesaid, for which let executions issue. It is further considered by the court, that the plaintiff do not recover of the sureties on the appeal bond more than the penalty of said appeal bond, but that execution may issue against the defendant, Beck, for the balance of the costs, for which the sureties are not liable."

The errors here assigned are the rulings of the Circuit Court

[Beck v. Glenn.]

on the pleadings, the giving of the charge above noted, and the judgment rendered by the court.

J. M. Whitehead, for appellant.—(1). The court erred in striking the plea of misnomer from the file. Sections 3012 and 3013 of the Code have no application to this case. Rule 14 of the Circuit Court Practice does not apply to a justice's court. (2 ) The verdict and judgment are manifestly contrary to the statute. They are both framed as if this was an action of ejectment.—See Code of 1876, § 3702. (3). The plea of *puis darrein continuance* was good, and the demurrer should not have been sustained.—51 Ala. 532. (4). The charge of the court was manifestly wrong. It is well settled in this State, that to maintain unlawful detainer, the plaintiff must have been *actually* possessed of the premises, mere constructive possession not being sufficient. The plaintiff, before renting to the defendant, had constructive, but not actual possession.—*Childress v. McGehee*, Minor, 131; *Russell v. Desplous*, 29 Ala. 308; *Singleton v. Finley*, 1 Port. 144. (5). The statute conferring jurisdiction on justices of the peace in actions of unlawful detainer, is unconstitutional.— *Webb v. Carlisle, Jones & Co.* 65 Ala. 313.

Gamble & Padgett, *contra*.—(1.) The court did not err in striking the plea of misnomer from the file. The reason of the rule as to filing pleas in abatement applies to proceedings before a justice of the peace. It is as much a dilatory plea when pleaded in a magistrate's court as when pleaded in the Circuit Court. But this cause being an appeal from a justice's court, it was to be tried in the Circuit Court *de novo*, without regard to defects in the summons, warrant or other process.—Code of 1876, § 3121; 1 Brick. Dig. p. 112, § 55. And the only defense which could have been made on appeal, is one going to the merits of the case.—*McCrory v. Smith*, 1 Ala. 157; *Thompson v. Pierce*, 3 Stew. 427; *Slaton v. Apperson*, 15 Ala. 721; 1 Brick. Dig. p. 113, § 57, and p. 114, § 77. (2.) The judgment and verdict are in conformity to the statute.—Code of 1876, § 3710; *Spear & Thomasson v. Lomax*, 42 Ala. 576. (3.) The plea of *puis darrein continuance* set up no defense to the suit. It can not be that a party guilty of unlawful detainer can force a party entitled to the possession to bring his action for the recovery thereof, and then abandon the possession and "coolly answer the original complaint, by saying that since the commencement of the suit he has voluntarily surrendered possession," and thereby defeat a recovery. (4.) The proof shows that the plaintiff had *actual* prior possession, and then rented to defendant. Besides the defendant's pos-

[Beck v. Glenn.]

session as the plaintiff's tenant, must be regarded as the plaintiff's possession, upon which the plaintiff could recover in this form of action.—*Lecatt v. Stewart*, 2 Stew. 474; 2 Brick. Dig. p. 9, § 38. The defendant was estopped from denying plaintiff's possession.—*Russell v. Erwin*, 38 Ala. 44. (5.) The constitutionality of the statute conferring jurisdiction on justices of the peace in actions of unlawful detainer is so clear, and has been so long acquiesced in, that it is unnecessary to discuss it.

SOMERVILLE, J.—This is an action of unlawful detainer, commenced before a justice of the peace, and removed by appeal to the Circuit Court, where a trial was had *de novo* as required by statute.

It is objected, by the appellant, that neither the verdict nor judgment rendered against him as defendant, in the court below, is in conformity to the statute. This objection, we think, is not well taken.

The premises sued for are described with reasonable, and even accurate certainty, in the complaint, being designated as "The N. ½ of lot No. 8, in the town of Georgiana, Butler county, Alabama, on which said lot is situated a bar-room, which was occupied by Wilson Beck, the defendant, during the year 1879."—*Townsend v. Van Aspen*, 38 Ala. 572; *House v. Camp*, 32 Ala. 541; *Wright v. Lyle*, 4 Ala. 112; *Cunningham v. Green*, 3 Ala. 127.

The finding of the jury had special reference to this description given in the complaint, and assessed damages against the defendant for double the amount of annual rent for detention of the premises, after expiration of his lease.—Code, 1876, 3709. The judgment properly followed the verdict, the costs of suit being adjudged against the defendant and the sureties on his appeal bond, and the recovery against the sureties being limited to the penalty of the bond. The sureties on the bond, which was given to prevent the issue of the writ of restitution, were liable for the assessment for rent, and it was so adjudged. Code, § 3710. The verdict and judgment were fully authorized by the statute.

It was no defense to the action that the plaintiff regained possession of the premises pending the appeal by the defendant to the Circuit Court. In *Lomax v. Spear*, 51 Ala. 532, it was said by this court, that if the defendant could take advantage of such entry by the plaintiff at all, he could only do so by a plea *puis darrien continuance*. It is true that such a plea was adjudged good in actions of ejectment at common law, but the reason no doubt was, that ejectment was not then, as now under our statute, a *mixed* action in which the plaintiff was permitted to recover rent by way of damages. The only questions in.

issue were those of title and possession, and no recovery could be had unless the plaintiff had title on the day of trial, or unless he was then dispossessed.—Tyler on Eject. 468–470. The action of unlawful detainer is but a summary substitute by statute for ejectment, and a similar rule should obtain in each class of cases. The better view, we think, is, that such a plea is not a defense to these actions, where damages for rent are recoverable, for, as said in *Venner v. Underwood*, 1 Root (Conn.), 73, "the original wrong and disseizen, and the damages still remain to be redressed." In this case the plea was held insufficient on demurrer, and we think it announced the correct rule of law on the subject. See also *Kennedy v. Holman*, 19 Ala. 734; and opinion of MANNING, J., in *Lomax v. Spear*, 51 Ala. 532, 538.

There is nothing in the suggestion that the jurisdiction conferred on justices of the peace by the legislature, in proceedings of unlawful detainer, is violative of the constitution. In such cases the value of the premises is totally immaterial, and has no relevancy to the proceeding. Such has been the established doctrine in this State for more than fifty years.— *Ward v. Lewis*, 1 Stew. 26. The case of *Webb v. Carlsle*, 65 Ala. 313, merely declares, that where an attempt is made to confer on justices of the peace the authority to try titles to real estate, without regard to the value of the land, it would be objectionable on constitutional grounds. Justices of the peace can not be given jurisdiction of ejectment cases generally by calling them actions of unlawful detainer.

There was no error in the refusal of the Circuit Court to permit the defendants' plea in abatement to be filed. The justice of the peace had declined to receive it on the ground of delay in filing it. While the rule of practice relating to such pleas in the Circuit Court can not be literally or technically applied, perhaps, in a justice's court, it certainly can be by analogy, to a certain extent. The reason of the rule applies with equal force to all the inferior courts. Pleas in abatement are dilatory, and are disfavored by the law on this account. They are required to be filed as soon as practicable, so as to prevent the unnecessary accumulation of costs occasioned by protracted delay, and to guard against the hazard of a bar by the statute of limitations, in the event of an abatement of the action on some technical ground not touching the merits.—Code, 1876, p. 160, Rule 12, §§ 3012–13.

The charge of the court was more faverable to appellant than the law authorized. The general rule is, that, in order to maintain an action of unlawful detainer, the plaintiff must have been in actual possession of the premises sued for, mere constructive possession not being sufficient. But when the action is

[Lehman, Durr & Co. v. Collins.]

brought by a landlord against a tenant for unlawfully holding over, after the termination of the tenant's period of lease, the well settled rule applies, that the tenant's possession is that of the landlord, and he is estopped from disputing the fact of the landlord's prior actual possession.—Code, § 3697; *Lecatt v. Stewart*, 2 Stew. 474; Taylor's Land. & Tenant, §§ 705, 713, *et seq*. The defendant, Beck, lawfully entered into the possession of premises admitted by him to belong to Glenn, and his possessory interest as tenant had terminated, according to the finding of the jury. On demand in writing by the landlord, in such cases, and the refusal of the tenant to deliver possession, the action of unlawful detainer will lie. This action concerns exclusively the *right of possession*, and the estate, or merits of the title are forbidden to be investigated.—Code, §§ 3697, 3704; *Hightower v. Fitzpatrick*, 42 Ala. 597; *Townsend v. Van Aspen*, 38 Ala. 572.

We find no error in the record, and the judgment of the Circuit Court is affirmed.