West, J.
We have considered the several matters assigned on the record as grounds of reversal. Only one merits notice and extended discussion.
1. Section 297 of the civil code enacts as follows :
*448 “ The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the -party aggrieved, for any of the following causes materially affecting the substantial rights of such party.” ....
“4. Excessive damages appearing to have been given under the influence of passion or prejudice.”
Does the record under review present a case within the operation of this statute ?
In actions, the subject of which has a contract commercial, or other established standard of valuation, the amount of the verdict, when the facts are shown, becomes generally mere matter of computation. In actions, the subject of which is without such standard of valuation, the amount of the verdict is not matter of computation, but of opinion. Of this character are actions for personal injuries, defamation, and false imprisonment.
It seems to be well settled that in the first-mentioned class of actions, any excess in the verdict above what the evidence satisfactorily establishes, may, with the assent of the party in whose favor it is rendered, be eliminated by remittitur, and judgment entered for the residue. The exercise of such power is sanctioned on the theory that the excess arises from misapprehension of the law or the facts, or error in computation, not necessarily permeating and vitiating the entire verdict, and which it is competent to correct, with the assent of the party whom alone the correction could prejudice, by striking therefrom any distinct item, or excess in the computation of its value, appearing to be unsupported by the evidence.
The rule is a salutary one, and when employed with discretion, terminates litigation while promoting justice. It was applied in the Averill Coal and Oil Company v. Verner, decided at the present term, wherein this court made the remitting of erroneous interest the condition of affirmance. It is recognized in Smith v. Paul, 8 Port. 502; King v. Howard, 1 Cush. 137, and iu many other cases, some of which are collected in Graham & Waterman on New Trials, vol. 3, p. 1162. ch. 9, sec. 8.
*449 2. But in the class of actions in which the opinion of the jury, unaided by any known standard of valuation, determines the magnitude of the recovery, the power of the court over an excessive finding is, in some instances, controlled by statutory conditions. Although the verdict, if purged of any supposed excess, might, in the opinion of the court, be well sustained as to the residue by the facts disclosed, yet the presence and influence of passion or prejudice, in producing the excess, vitiates the verdict in toto, and excludes the power of the court to validate, or save, any part of it against the concurrence of either party. Without the consent of both, to a remittitur and judgment, the verdict, in such case, must be vacated.
The terms of the statute are unambiguous and peremptory. For damages materially excessive, appearing to have been given under the influence of passion or prejudice, the verdict “shall be vacated and a new trial granted.”
This statute merely enacts the pre-existing rule of the common law. Its theory undoubtedly is that individual opinions, which depend on, and vary with mental and moral constitution, are extremely eccentric and uncertain; that the money value of personal wrongs, which can have no certain standard of measurement, and hence must of necessity be determined by this,- shall not, however, be committed to the arbitrament of a single mind, but shall be measured by the average of impartial opinion, of which the concurrence of twelve minds, uninfluenced by passion, resentment,' or corruption, is supposed to be a fair expression. When, therefore, a verdict is’ attained by the presence of these statutory infirmities, the law will not, against the consent of either party, substitute the opinion of the court for that of the twelve triers provided by the constitution. For if recklessness has controlled in measuring the extent, it is not improbable that it may have controlled in determining the right of recovery; which another panel, unbiased by improper influences, may greatly modify, or wholly reverse. Lambert v. Craig, 12 *450 Pick. 199; Long v. Hopkins, 10 Geo. 37; Howlet v. Cruchley, 5 Taunt. 277. But the rule of common law was not inflexible, as many cases are reported in which the doctrine of remittitur was applied in actions of this class.
3. The presence of the conditions, necessary to bring the case at bar clearly within the operation and peremptory rule of the statute, is not disclosed in the record. The amount of the verdict is not such that the influence of passion or prejudice is inferable from its magnitude. It is not deducible from the facts spread upon the record. It is not shown by the finding of the court. We are not put in possession of any circumstances imposing the statutory obligation to vacate.
It is probable, as is often the case, that in the opinion of the judge, who heard the cause, the verdict was larger than he would have given as a juror, but not such as, in the absence of statutory infirmities, excluded his discretionary power to confirm or vacate it. We caii not presume the existence of such infirmities, for it is not competent to presume a state of facts repugnant to the judgment of the court.
So far as appears, then, the entering of judgment upon the verdict for its entire amount, would not have been disturbed by this court. But, with theeonSent of the plaintiff, judgment was entered for a smaller sum. If this had been done arbitrarily, without his assent, it might have been ground of exception and reversal at his instance. But can the defendant object? The only consequence to him is the substitution of a less for a larger sum, which might have been legally exacted, and can not be held to prejudicially affect him.
It may be supposed that a reasonable doubt existed in the mind of the court in regard to the vacation and awarding of a new trial. In the exercise of a sound discretion, with which courts are necessarily clothed, the question presented by the motion might have been determined either way, without constituting ground of exception. Wherefore it results, that as confirmation of the. entire verdict could *451 not have been made available ground of error by the defendant, judgment for a part thereof instead of the whole, the residue being relinquished, can not.
The action of the Common Pleas will be affirmed.