TERRY vs. FERGUSON, adm'r.

1. A tenant, who has enjoyed the possession of land, without interruption, for the entire period of his lease, cannot be allowed to avoid the payment of rent, by shewing a defect of title in his landlord.

2. A purchaser cannot resist the payment of the purchase money, for defects in the vender's title, when he has taken possesion of, and remains in the quiet enjoyment of the premises.

3. Nor can a tenant, in ejectment, be permitted to shew that his landlord had no title at the time of making the lease—though, perhaps, he may prove that his landlord's title has since that time expired.

4. And the purchaser of a personal chattel has been inhibited, while holding possession, from resisting the payment of the purchase money, by alleging a want of title in his vendor—therefore;

5. Where one accepted a lease from an administrator, and undertook to pay him rent, he was not allowed to object a want of title in the administrator.

6. An administrator is not required to exercise a control over the real estate of his intestate,—yet, if he assume to lease it, he will hold the rent in trust for those legally entitled.

Terry *vs.* Ferguson, adm'r.

Error to the Circuit court of Pickens.

Assumpsit for rent of land.

The defendant brought assumpsit against the plaintiff, in the Circuit court of Pickens, for the recovery of rent, which the second count in the declaration alleged that *the plaintiff had assumed and promised to pay to the defendant*, in consideration that he (as administrator of the estate of Bryant Ferguson, deceased,) had allowed him to occupy a parcel of land belonging to the estate of his intestate, situate in the county of Pickens. The case was tried on the plea of *non-assumpsit*, and an issue on the plea of *tender*. In answer to which, the jury returned a verdict for the defendant in error, and judgment was rendered accordingly. To review the proceedings in the Circuit court, the case was brought here by writ of error; and the error assigned was, that an administrator had no right to rent the land of his intestate's estate.

*Porter*, for plaintiff in error.

COLLIER, C. J.—It is an old and well settled rule of law, that a tenant who has enjoyed the possession of land, without interruption, for the entire period of his lease, shall not be allowed to avoid the payment of rent, by showing that his landlord's title was defective, or that he had no title—(See Perkins vs. the Governor, Minor's Rep. 352.) So strict and unbending is the law in this respect, that it has been often holden, that a purchaser of land cannot resist the payment of the purchase money, for defects in the vendor's title, when he has taken possession, and remains in the quiet enjoyment of the pre-

mises—(See Christian vs. Scott, 1 Stew. R. 490, and Wade vs. Killough, 3 Stew. & Por. Rep. 431, and cases there cited.) Nor, when sued in ejectment, will the tenant be permitted to show that his landlord had no title *at the time* of making the lease, though perhaps he may prove that his landlord's title has since that time expired—(Heckart vs. McKee, 5 Watts' R. 385; Jackson vs. Rowland, 6 Wend. R. 666; 2 Caine's R. 216; 7 Johns. R. 324; 19 Johns. R. 77.) And the rule has even been carried so far, as to inhibit the purchaser of a personal chattel, while holding possession, from resisting the payment of the purchase money, by alleging a want of title in his vendor—(Ogburn vs. Ogburn, 3 Porter's R. 126.)

The second count of the declaration does not disclose an *implied promise, resulting from a permission to use and occupy*, but the promise is express, and the relationship of landlord and tenant distinctly shown. It is clear, that the duties of an administrator do not require, or even authorise him, in *the ordinary course of administration*, to exercise a control over the real estate of his intestate; yet, if he assumes to lease it, he will hold the rent *in trust* for those legally entitled. We lay no stress upon the fact, that the judgment was rendered on verdict, nor attempt to draw to its aid the doctrine of intendment, which, if necessary, might perhaps be successfully invoked; but the declaration alleging a *state of facts* which show the plaintiff accepted a lease of the defendant, and undertook to pay him rent,—we think the former cannot object a want of title in the latter. The judgment must be affirmed.