## GRIFFITH vs. PARMLEY.

[ACTION FOR RENT.]

1. *Estoppel against tenant from denying landlord's title.*—A tenant, when sued for rent under an express contract, is estopped from denying the title of his landlord, or from insisting that, under section 2129 of the Code, the action should have been brought in the name of certain infants, to whom the land belonged, and whose guardian the plaintiff was.

Appeal from the City Court of Mobile.
Tried before the Hon. HENRY CHAMBERLAIN.

THIS action was brought by Mrs. Maria L. Parmley, against George R. Griffith, to recover the sum of $500, alleged to be due for the rent of a house and lot in the city of Mobile, tor the term of one year, ending on the 31st October, 1860; and was commenced on the 8th November, 1860. The defendant pleaded the general issue, set-off, the failure of the plaintiff to put the premises in tenantable condition, that the contract of lease was rescinded by agreement between the parties, and that the plaintiff was not the party really interested in the recovery; and issue was joined on these pleas. On the trial, as appears from the bill of exceptions, the plaintiff proved the contract of lease as alleged, by one James Sanford, who acted as her agent in making the contract; and the witness further

testified, that the house and lot belonged to the plaintiff's minor children, as heirs-at-law of L. Parmley, deceased; that the plaintiff had a dower interest in the premises, was in actual possession at the time of the contract, and was the guardian of her minor children. The defendant adduced evidence tending to show that the plaintiff's agent, at the time the contract was made, agreed to repair the house and put it in good tenantable condition; that the repairs were never made, and that he notified the plaintiff's agent, in consequence of the failure to make the necessary repairs, that he would not occupy the premises. The defendant requested the court to instruct the jury, "that if the premises belonged to the minor heirs of L. Parmley, deceased, for whom plaintiff was guardian when said renting took place, and when this suit was brought, then the plaintiff cannot recover." The court refused to give this charge, and the defendant excepted to its refusal; and he now assigns the same as error, with other matters.

WM. BOYLES, for appellant.
ALEX. McKINSTRY, contra.

STONE, J.—In the case of *Terry v. Ferguson*, (8 Porter, 502,) this court said, that to a "declaration alleging a state of facts which shows that plaintiff accepted a lease of the defendant, and undertook to pay him rent, the former cannot object a want of title in the latter."—See, also, *Perkins v. Governor*, Minor, 352; *Shelton v. Eslava*, 6 Ala. 233; *Bird v. Daniel*, 9 Ala. 302.

In the present record, the testimony tends to show that the appellant accepted a lease from Mrs. Parmley, and that he was not disturbed or hindered in the enjoyment of the possession. Under the charge of the court, the jury must have found this to be the true state of the case. This case is thus brought within the rule above declared, and Mr. Griffith must be held estopped from disputing the title of Mrs. Parmley, his lessor.

We do not think the present record discloses a case

which, under the operation of section 2129 of the Code, requires the suit to be brought in the names of the minor wards of Mrs. Parmley. To allow that rule to operate in this case, would overturn the sound principles declared above. Moreover, there are many cases of active trust, where the trustee could not administer the trust fund, if the beneficiaries alone could sue for and recover it.

The principles above declared are decisive, to show that the city court correctly refused to give charges numbered 1, 2, 4, and 5, as requested by defendant. We have noticed all the material points made by the argument, and our conclusion is, that the judgment of the city court must be affirmed.