## BEEZLEY, Adm., v. BURGETT.

1. FORCIBLE ENTRY AND DETAINER: PARTIES. At common law, an executor or administrator could not maintain an action of forcible entry and detainer for the possession of the lands of his intestate; but § 3954 Revision of 1860 (§ 2364, Code of 1851), enlarges the rule, and permits the bringing of the action by the administrator. This action does not deprive the heir of his common law right to maintain the action.

*Appeal from Warren District Court.*

TUESDAY, OCTOBER 13.

WARD, as the guardian of Joseph Beezley, rented a certain farm to defendant. Before the expiration of the term Joseph died, and plaintiff was appointed his administrator. Defendant held over after the termination of the lease, and this action of forcible detainer is brought by the said administrator. The justice sustained a demurrer to the petition, which developed the above facts, and, on error to the District Court, this ruling was reversed, from which defendant appeals.

*Casady & Polk,* for the appellant, relied upon the following authorities: *Lepage et al.* v. *McNamara,* 5 Iowa, 138; *Foteaux* v. *Lepage et al.,* 6 Iowa, 130; *Gladson,* Adm., v. *Whitney,* 9 Id., 268; *Wright* v. *Williams,* 5 Cow., 502; *Van Rensselaer* v. *Hays,* 5 Denio, 480; *Jameson* v. *Smith's Ex.,* 4 Bibb, 307; *Prewett* v. *Durham, Ex.,* 5 Monr., 18.

*S. V. White,* for the appellee, relied upon § 3054, Rev. 1860.

WRIGHT, J.—It is not pretended, of course, that, at common law, the plaintiff could maintain the action. Indeed, the proceeding is so anomalous that we have been most reluctant to sustain it. We know that at common

law the administrator succeeds to the personal estate, and that the real estate, if not otherwise disposed of by will, descends to the heirs; that the administrator has no right to recover the rents and profits accruing after the death of the intestate; and that, as a rule under the statute, it is only when it is necessary to procure the payment of debts that he can exercise any control over the real property. *Lepage et al.* v. *McNamara*, 5 Iowa, 124; 6 Id., 130; 9 Id., 267.

But the statute, as we read it, recognizes the remedy in this form, and there being no suggestion of its invalidity, we, of course, must follow the enactment. By § 3954 it is provided, that "the *legal representative* of a person who might have been plaintiff if alive may bring this suit after his death." The right of the heir to bring the action, without the aid of the statute, is unquestionable. This section was intended, as we suppose, to confer a power on a party not before possessing it. Who is this "legal representative," then? We understand it to mean the executor or administrator. This is certainly the meaning according to approved usage; and if treated as a phrase which has acquired a peculiar and appropriate meaning in law, the proposition is equally clear. Rev., ch. 2, § 29; 2 Bouv. L. D., Tit. Representative.

When it is held, in *Jameson* v. *Smith's Ex.*, 4 Bibb, 307, that a suit for land cannot be revived in the name of an executor, although the will may give him the right to sell and convey land, and in *Wright* v. *Williams*, 5 Cow., 501, that the executor cannot distrain for rent which accrues after the testator's death, and that such rent goes to the heirs, there is no more than a recognition of the rule of the common law. In those States where there is no such statute as in ours, of course this action would have to be brought by the heir. And yet we may be permitted to say that the statute, though anomalous, is convenient in its operation,

and in accordance with the purpose and object of the action itself. Instead of waiting to determine who are the heirs (a question frequently of much difficulty), the remedy is given at once to the representative or administrator. The title cannot be investigated in the action (§ 3961); it is simply a question of possession, and for this reason the statute contemplates a speedy remedy. If the plaintiff shall succeed, he acquires no permanent right thereby, but holds the possession representatively merely. This possession, when acquired, becomes at once that of the heirs, or, if he should continue it nominally, he is but their trustee or agent, and does not thereby become vested with the right to control the real property, nor the accruing rents and profits.

Affirmed.