Lass et al. v. Eisleben.

RICHARD LASS *et al.*, Respondents, *v.* LOUIS EISLEBEN, Appellant.

1. *Forcible entry and detainer — Title cannot be settled in.* — It is well settled that in actions of forcible entry and detainer, the title to the property cannot be inquired into.

2. *Administrator may make leases and sue in unlawful detainer — Heirs may join him in suit.* — An administrator, under direction of courts having probate jurisdiction, may make short leases of the real estate belonging to his decedent, and for proper cause may oust the tenant by action of forcible entry and detainer. And *semble*, that in such a suit the administrator and the heirs may be joined as plaintiffs.

3. *Practice, civil — Pleading — Improper joinder — Instruction.* — The objection that parties are improperly joined cannot be taken advantage of by instruction.

*Appeal from St. Louis Circuit Court.*

*Fisher & Rowell*, for appellant.

A tenant, when sued for rent or unlawful detainer, may show that the title of his landlord has been extinguished or transferred, and that he has became the owner thereof. (Tayl. Land. & Ten., §§ 519, 629; Smith's Land. & Ten. 296, note; 33 Mo. 105, 292; 6 Wend. 670; 10 Humph. 49; 5 Pick. 124.)

*F. & L. Gottschalk*, for respondents, cited Harris v. Turner, 46 Mo. 439; McCartney's Adm'r v. Alderson, 45 Mo. 38; King v. St. Louis Gaslight Co., 34 Mo. 251; Beeler v. Cardwell, 33

Lass et al. v. Eisleben.

Mo. 85; Gibson v. Tony, 29 Mo. 133; Spalding v. Mayhill, 27 Mo. 377; Krevitt v. Meyer, 24 Mo. 107; Warren v. Ritter, 11 Mo. 354.

ADAMS, Judge, delivered the opinion of the court.

This was an action of unlawful detainer commenced before a justice of the peace, and taken by the defendant to the Circuit Court by *certiorari*.

Frederick Lass died about the first of February, 1869, in possession of the premises, leaving as his heirs at law the plaintiffs, Robert, Mary and Richard Lass. Soon after his death the plaintiff Gambs, being public administrator of St. Louis county, took charge of the estate of Frederick Lass, and took possession of the premises and leased them out for a month; and the defendant, without the consent of Gambs or the heirs, obtained possession from Gambs' tenant, and refusing on notice to surrender the possession, this suit was brought under the statute of forcible entry and unlawful detainer for the possession and rents and damages.

On the trial the defendant offered to set up an outstanding title which he had bought, which the court rejected. He also objected by way of instruction, asked and refused, that this suit could not be maintained jointly by the administrator and heirs. There was a verdict and judgment in favor of the plaintiffs, which was affirmed at General Term, and the defendant has brought the case here by appeal.

The law is well settled that in this proceeding the title to the premises in dispute cannot be inquired into. The defendant offered to prove that he held a title superior to the title held by Frederick Lass, under whom the plaintiffs claim. This he had no right to do, and the evidence offered for that purpose was properly rejected.

An administrator, under the direction of the Probate Court or courts having probate jurisdiction, can make short leases of the real estate belonging to his decedent; and if the tenant holds over, or surrenders the possession to a third party not entitled to it, the administrator may maintain unlawful detainer to regain

the possession and the unpaid rents. The complaint here is that the heirs also joined in the action. The possession of the administrator is not adverse to the heirs; he holds possession for the benefit of the heirs and the estate. We cannot see that any injury could result to the defendant, in an action of unlawful detainer, by a joinder of the administrator and heirs as plaintiffs; at all events the objection could not be raised by an instruction. If a person is joined as plaintiff in this kind of proceeding, who appears to have no interest, his name may be struck out on motion, and in an ordinary action advantage may be taken of it by demurrer.

Let the judgment be affirmed. The other judges concur.