# King *v.* Bolling.

*Action for Unlawful Detainer of Lands.*

1. *Written demand of possession; secondary evidence.*—A previous demand in writing for the surrender of possession being necessary to the maintenance of an action for the unlawful detainer of lands (Code, § 3697), secondary evidence of such demand can not be received, until a proper predicate has been laid by notice to produce.

2. *Proof of prior possession; estoppel between landlord and tenant.* Actual prior possession by plaintiff is necessary to the maintenance of an action for unlawful detainer; yet, where the action is brought by a landlord, against his tenant holding over, the defendant is estopped from disputing the fact of such prior possession by plaintiff.

3. *Three years possession, as bar to action.*—The uninterrupted occupation of the premises by the defendant for three years before the commencement of the action, his estate not being determined, is a bar to the action (Code, § 3705); but a tenant holding over can not set up such three years possession as a bar, when he has paid, or promised to pay rent, during that period.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

This action was brought by Robert E. Bolling, against Mrs. M. E. King, to recover the possession of a house and lot in the town of Calera, which, as the complaint alleged, the plaintiff had leased to the defendant for a term ending on the 10th January, 1882; and was commenced, before a justice of the peace,

on the 21st February, 1882. On appeal to the Circuit Court, sued out by the defendant, the cause was tried on issue joined on the pleas of not guilty, uninterrupted possession by the defendant for three years before the commencement of the suit, and a plea denying that plaintiff ever had actual possession of the premises.

On the trial, as the bill of exceptions shows, the court allowed the plaintiff to adduce secondary evidence of a written notice, or demand for the surrender of the possession, which he had sent by mail, from Montgomery, to an agent in Calera, to be served on the defendant, and which said agent testified he had duly served ; which evidence was admitted by the court, against the objections of the defendant, although there was no proof of any notice to the defendant to produce the original notice; and to these several rulings the defendant duly excepted.

The plaintiff adduced, also, evidence showing that, prior to the year 1880, defendant being indebted to him, and being seized and possessed of said house and lot, she and her husband conveyed it to him by mortgage as security for said debt ; that this mortgage was foreclosed, by-sale under the power therein contained, on the 10th July, 1880, plaintiff himself becoming the purchaser, through one Simpson, as his agent ; that defendant and her husband executed an absolute conveyance to said Simpson on the said 10th July, 1880, and Simpson then conveyed to plaintiff ; that he allowed the defendant to remain in possession, as his tenant, during the rest of the year 1880, at the agreed rent of $10 per month ; and that on the 21st January, 1881, defendant and her husband executed and delivered to him, or to his agent, their promissory note for $72, payable on the 15th August, 1881, which was produced, and which recited that it was given " for rent on Calera house to January 10th, 1881." It was admitted, however, that all these transactions were conducted on plaintiff's part through an agent ; " that he never was personally in possession of the premises, and never had been in actual possession, except through the defendant as his agent ; and that the defendant had uninterruptedly occupied the premises, for more than three years before the commencement of this suit." . On this evidence, the court charged the jury, " that if the defendant was in possession of the premises more than three years before the commencement of this suit, but was in possession during that time as the tenant of plaintiff, under a contract of lease, the time she was so in possession as his tenant should be excluded from said term of three years." The defendant excepted to this charge, and she now assigns it as error, together with the admission of the evidence to which she excepted.

RICE & WILEY, for appellant.

E. P. MORRISSETT, *contra*.

SOMERVILLE, J.—In *Dumas v. Hunter*, 30 Ala. 75, it was decided that secondary evidence of the written demand and notice, required by the statute to the maintenance of an action of unlawful detainer, is inadmissible, without first laying a proper predicate for its introduction, by proof of notice to the defendant to produce. It was placed upon the ground, that the law required such notice to be in writing, and it constituted a precedent fact necessary to be proved before the action could be maintained.—Code, 1876, §§ 3697, 3700. While there is some doubt in our minds as to whether this ruling harmonizes entirely with the principle, that notice to produce is unnecessary where the writing to be proved is *itself* a notice, there are plausible reasons for the distinction made, and we adhere to the authority of the case. In view of this rule, the court erred in permitting oral evidence of the contents of the written demand and notice served upon the defendant, without first laying the usual predicate.

While the general rule is, that, in order to maintain an action of unlawful detainer, the plaintiff must show a prior actual possession of the premises sued for, mere constructive possession being insufficient; yet the principle is settled by this court, that where the action is instituted by a landlord against a tenant, for unlawfully holding over after expiration of his term, the tenant is estopped from disputing the fact of the landlord's actual prior possession, and he can not defend, therefore, by making proof of the fact that the plaintiff had merely a constructive possession.—*Beck v. Glenn*, 69 Ala. 121. The present action was maintainable, without showing that the plaintiff had gone into actual possession of the premises after his purchase from defendant. The possession of the tenant was in right of the landlord, and there had been a termination of his possessory interest.

Three years of possession by a tenant, who recognizes the tenancy by paying or promising to pay rent to the landlord, is clearly no bar to an action of this character, where the period of the tenant's lease is determined. Section 3705 of the Code bars such a proceeding only in a case where the defendant has remained in "the uninterrupted occupation" of the premises in controversy for the space of three years preceding suit brought, and his estate in the premises sued for remains undetermined. It thus requires the existence of three facts which do not concur in this case: 1st, an estate or interest claimed by the defendant; 2d, the continuance of this estate undeter-

[Moog v. Randolph.]

mined ; 3d, uninterrupted occupation under such claim for three years. The merits of the title, or the nature of his estate, can not, of course, be inquired into on the trial.—Code, § 3704. It is sufficient if the plaintiff has been guilty of the neglect of enforcing his rights for three years under such a state of facts. Such is not the case here.

Reversed and remanded.