# Leeds K. Berridge, et Ux., Plffs. in Err., *v.* Jane Glassey.

Where one in possession under claim of title enters into a lease for the premises, through a mistake of the facts, he is not estopped from setting up a superior title.

(Argued January 2, 1887. Decided January 31, 1887.)

July Term, 1886, No. 201, E. D., before Mercur, Ch. J., Gordon, Paxson, Trunkey, and Sterrett, JJ. Error to Common Pleas No. 4 of Philadelphia County to review a judgment on a verdict for defendant in an action of ejectment. Affirmed.

On the trial the plaintiff offered evidence to establish the following facts:

Leonard Frailey and Robert Glassey were the owners of adjoining lots of ground in the city of Philadelphia. In 1852-3 Glassey built two houses on his lot, on the side adjoining Frailey, and in 1854 he died. In 1854-5 there was an official resurvey of this part of the city. This survey altered the street on which Frailey's lot fronted, taking some twelve inches of his lot. He claimed that he was entitled to 55 feet from the new line of the street. This measurement would take a strip from the Glassey lot, upon which the buildings were partly built.

On December 1, 1859, Jane Glassey, by her mark, signed a lease for this strip of ground, for five years, at a lease of $3 a year. Rent was paid on this lease for twenty-three years. Frailey died, leaving his property to his daughter, who brought this action February 2, 1884.

For construction of this lease, see Berridge v. Glassey, 112 Pa. 442, 2 Cent. Rep. 804, 56 Am. Rep. 322, 3 Atl. 583.

Note.—But the taking of a lease by one in possession from another, in ignorance of the fact that the title is in him, will not be such mistake as to permit the denial of the lessor's title. School District v. Long, 3 Sad. Rep. 233.

The court charged the jury, *inter alia,* as follows:

"But where a person who has accepted or entered into a lease as tenant actually owned and was in possession of the property covered by the lease under a valid title before the lease was made, then such a tenant may set up his title against his landlord's claim for possession and show that the lease was executed by mistake. . . . It was argued here, however, on her [defendant's] behalf that the lease was made by mistake; that she was in point of fact the owner of the ground covered by it, and was in possession of the ground, and that, therefore, she ought not to have accepted any lease from Mr. Frailey for the strip of ground in question. If she actually was the owner, as life tenant of that property, and was in possession of it and entered into the lease by mistake in ignorance of her rights, there ought to be no verdict against her in this action merely because of the fact that she executed the lease."

The assignments of error specified, *inter alia,* the portions of the charge given above.

*J. Alex. Simpson,* for plaintiffs in error.—A lease given in good faith by one party and accepted by another with his eyes open is valid and binding on both, although the actual occupancy be not changed. The mere fact that the tenant had a better title than the landlord does not, of itself, raise the presumption that the lease was a fraud or accepted by mistake. Thayer v. Society of United Brethren, 20 Pa. 62, 63, cited in Ward v. Philadelphia, 3 Sad. Rep. 233.

The defendant was bound to know the provisions under which he derived title. . . . The parties were or ought to have been mutually informed of the facts on which they founded their agreement. . . . But the facts were within the knowledge of both parties, and the mistake was in the judgment they formed of the legal effect of them. The plaintiffs have brought their action at law on a specialty, and a chancellor would not interfere to rescind it. McAninch v. Laughlin, 13 Pa. 375, 376.

While there is no express statute of limitations as to matters resting in grant, this court has, by analogy, always applied the statute of twenty-one years' possession. Crawford v. Neff, 3 Grant. Cas. 175; Wallace v. Fourth Presby. Church, 111 Pa. 169, 170, 2 Cent. Rep. 41, 2 Atl. 347, Hayes's Appeal, 113 Pa.

380, 18 W. N. C. 322, 4 Cent. Rep. 457, 6 Atl. 144, and Sossong v. Rosar, 112 Pa. 201, 2 Cent. Rep. 813, 3 Atl. 768.

If the language of the court, taken in connection with the circumstances of the case, may have misled the jury as to the law, it is error. Kissinger v. Thompson, 12 Serg. & R. 44; Hersheaur v. Hocker, 9 Watts, 455; Relf v. Rapp, 3 Watts & S. 21, 37 Am. Dec. 528; Wenger v. Barnhart, 55 Pa. 300; Gregg Twp. v. Jamison, 55 Pa. 468; Pennsylvania R. Co. v. Berry, 68 Pa. 272; Stall v. Meek, 70 Pa. 181; Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16, 33 Phila. Leg. Int. 338.

*David Chambers* and *Wm. S. Price,* for defendant in error.— Where the tenant has been induced to accept the lease by misrepresentation, fraud, or trick practised upon him by the lessor, he is not estopped from setting up a title superior to that of the lessor. Mays v. Dwight, 82 Pa. 464.

It matters not whether the deception practised originated in voluntary falsehood or in simple mistake, for the immunity it confers springs not so much from the fraud of the usurper as from the wrong which deception would otherwise work upon the rights of the lessee. Baskin v. Seechrist, 6 Pa. 154.

The general rule of law, that a tenant shall not dispute the title of his landlord, is restricted to cases in which the lease has been fairly obtained, without any misrepresentation, management, or fraud. Hall v. Benner, 1 Penr. & W. 402, 21 Am. Dec. 394.

The same rule is applied where there is force or illegal behavior on the part of the lessor. Hamilton v. Marsden, 6 Binn. 45.

The rule does not exist when the lease was unfairly obtained. Brown v. Dysinger, 1 Rawle, 408–415.

Nor when obtained by misrepresentation. Koontz v. Hammond, 62 Pa. 177.

The distinction is between a case where the lessor was in possession and a lessee obtained possession under him, and one where the person in possession did not obtain it from him who, under some false pretense, obtained the position of a lessor. In the first case the lessee cannot object to the title of him who put him into possession; in the latter, he will be permitted to prove the imposition. If he does prove it, he is not bound to give up possession, nor is he liable for use and occupation. Gleim v. Rise, 6 Watts, 44, 45.

It will require but slight proof in the latter case, to dissolve the relation of landlord and tenant, and permit the defendant to avail himself of the merits of his title. Hockenbury v. Snyder, 2 Watts & S. 240.

PER CURIAM:

While a tenant cannot be permitted to controvert the title of his landlord under whom he entered into possession, yet if one in possession under claim of title is induced to accept a lease through misrepresentation, fraud, or trick of the lessor, he is not estopped from setting up a title superior to that of his lessor. So we think if the lease be made through mutual mistake of the facts by both parties, the lessee is not estopped from setting up her superior title, if she was in possession when she executed the lease.

Judgment affirmed.