## School District of the City of Harrisburg, Plff. in Err., *v.* Christian Long.

In an action for rent reserved in a lease it is not (without proof that the
lessee while in possession was led by the fraud of the lessor to execute the
lease) a good defense that the lessee executed the lease in ignorance of his
rights and was in fact the owner of the premises.

The admission of evidence in support of such a defense would violate the
rule that a tenant cannot dispute his landlord's title.

(Argued May 30, 1887. Decided October 3, 1887.)

May Term, 1887, No. 15, M. D., before GORDON, TRUNKEY,

NOTE.—For denial of lessor's title, see note to Diffenderfer v. Caffrey,
6 Sad. Rep. 229.

CLARK, GREEN, and STERRETT, JJ. Error to the Common Pleas of Dauphin County to review a judgment on a verdict for the plaintiff in an action of debt. Affirmed.

This was an action, begun before an alderman, by Long against the school district of the city of Harrisburg, to recover $150 rent reserved in a written lease of a school house and lot of ground known as the Springdale school property by him to the school board.

Upon appeal from the judgment of the alderman for the plaintiff, the plaintiff at the trial proved that the lease was executed by himself and by the president and secretary of the school board in pursuance of a resolution of the board authorizing them to do so, and proved also that according to the terms of the lease $150, rent, was still due him. He then offered in evidence the following record for the purpose of showing that the defendant had paid other portions of the rent reserved in the lease:

18 January Term, 1885.

| Christian Long *v.* The School District of the City of Harrisburg. | Appeal by defendant from the judgment of G. W. Jackson, Esq. March 11, 1885, Rule on plaintiff to declare on thirty days' notice or judgment. (Ex.) |

April 3, 1885, statement and copy of lease filed. July 29, 1885, defendant pleads *non est factum,* payment with leave, etc., and set-off. Jan. 12, 1886, special plea filed by leave of court. Jan. T. 1886, I. L. Feb. 2, 1886, trial ordered; jury called, come, etc. All of whom having been duly sworn or affirmed according to law do say Feb. 2, 1886, that they find in favor of the plaintiff for $54.25 and costs. Feb. 3, 1886, motion and reasons for new trial filed. Jan. T. 1886, A. L. 1886. April 19, plaintiff satisfied.

The defendant objected, upon the ground that the record did not show a judgment had been entered. Objection overruled, and record admitted. Exception. First assignment of error.

The plaintiff then rested.

The defendant offered to prove by Simon Duey: First, that William Colder died in possession of the land, and that the

lease of the ground was obtained by false representation of Mr. Long to the school board; second, that if it was not obtained by false representation, it was by an honest mistake of the officers of the district. Objected to, "that at this stage of the proceedings the defendant cannot dispute the title of plaintiff."

By the Court: "As the offer stands we will exclude the evidence." Exception. Second assignment of error.

The defendant then offered to prove by James I. Chamberlain, Esq., that he purchased at assignee's sale in the year 1880, or thereabouts, the piece of land in dispute for the school district of the city of Harrisburg; that afterwards he was met frequently, or that he was met by Mr. Long, the witness being a member of the school board; that Long alleged that the school district had no title to the land on which the school house was located, that it belonged to him, that he had bought it at sheriff's sale and that he would turn the school board out if they did not sign a lease to him; that in pursuance of those representations Mr. Chamberlain afterwards advised the school board to make the lease, saying that he believed that Mr. Long had the title; after which he offered to prove that the school district had the title to the property at the time, the right to the possession of it for school purposes, and that the lease was signed under a mistake by the officers of the district, in that at the time the lease was made they did not know of the contract with Susquehanna township: First, for the purpose of proving fraud in Mr. Long's procuring the lease; second, to show mistake on the part of the officers of the district in signing the lease. Objected to, "as not tending to prove fraud in Mr. Long," and because "a mere mistake will not vitiate title."

By the Court: "While we do not think the evidence offered tends to prove any fraud whatever on the part of the plaintiff, it simply amounts to a claim on his part of title; there is nothing in the evidence offered that would take the case out of the rule that a tenant cannot dispute his landlord's title. He must first turn out and surrender the possession, before he can be put in a position to try the question of title. It cannot be tried in this action. The offer is, therefore, refused." Exception. Third assignment of error.

The defendant next offered to prove by a witness (Charles T. George, who signed the lease as president of the school board)

"that in the year 1863 James Colder entered into a contract with the school district of Susquehanna township, by which he agreed to give them a deed for the land, for the rent of which this suit is brought, if they would build a school house upon the ground; that at that time he was about laying out the town called Springdale, and that he afterwards laid out that town; that the school board of Susquehanna township accepted Mr. Colder's offer, built the school house, fenced in the lot, took possession of it, and held possession of it until 1869; that in the year 1869 the limits of the city of Harrisburg were extended so as to embrace the school property and the village of Springdale; that in the year 1880 the school board purchased at assignee's sale the land in dispute as the property of James Colder; that three or four years later a claim for rent was made by Mr. Long against the school district for this property; that neither the board nor the witness at that time knew anything about the contract between Susquehanna township and Mr. Colder; that Mr. Chamberlain, a member of the board, was appointed to examine into the matter of the claim of Christian Long for rent of the premises; that the result of that examination was that he reported that Mr. Long had purchased the property on a mortgage earlier in date (and bearing date in the year 1876) than the deed of assignment from Mr. Colder to W. W. Jennings, his assignee, in trust, by which the school district thought it had obtained title to the land; that he concluded, and so advised the board, that the title to the land was in Christian Long, and that if the witness had known of the contract between James Colder and Susquehanna township, and the improvements made upon the lot by Susquehanna township, and that possession of the lot had been held for common school purposes from 1863 down to the signing of the lease, he would not have signed the lease, and that he signed it in ignorance of the right of the district to the premises, and by the mistake set forth above. This, for the purpose of showing mistake in the school board—it having already been shown that the school district was in possession of the lot at the time the lease was executed." Objected to—as "irrelevant at this stage of the case," and because "even if proved it would not show such a mistake as would destroy the relation of landlord and tenant."

By the Court: "We think that if these facts were shown they would not entitle the tenant to dispute his landlord's title, and

that therefore they are irrelevant and incompetent." Evidence excluded. Exception. Fourth assignment of error.

The defendant asked the court to charge that "if the jury find the defendant was in legal, peaceful possession of the premises at the time the lease was signed for school purposes under the evidence in this case, without any consideration shown moving from Christian Long to the district, the lease of the ground occupied by them for school purposes is *ultra vires* and void."

By the Court: "In answer to the point we say that we cannot hold under the facts of this case that the lease was void." Exception. Fifth assignment of error.

*Levi B. Alricks,* for plaintiff in error.—Colder could not have claimed rent for the property, for it was built upon in pursuance of his offer to give a deed for it when so built upon. This deed never was delivered, nor was its delivery necessary. Martin v. M'Cord, 5 Watts, 494, 30 Am. Dec. 342.

By accepting the offer and building the school house upon it the school district of Susquehanna township became the purchaser of the ground, unaffected by the statute of frauds. McLain v. White Twp. 51 Pa. 198.

The limits of the city of Harrisburg were extended by the act of assembly of April 9, 1869 (P. L. 771); and the *locus in quo* became part of the school district of the city of Harrisburg.

Common school act May 8, 1854, § 1 (P. L. 617); also act of April 22, 1868, P. L. 1140, consolidating the two school districts of the city of Harrisburg into the "school district of the city of Harrisburg."

"If the plaintiff in ejectment claims both on an original title and by virtue of a lease from him to the defendant, it is competent to the defendant to defend on both grounds." Miller v. M'Brier, 14 Serg. & R. 382.

In California and some other states one who, being in possession of land, executes a lease to another person and pays rent may defend against the lease without surrendering his possession, without showing fraud or mistake of fact. Tewksbury v. Magraff, 33 Cal. 245; Franklin v. Merida, 35 Cal. 566, 95 Am. Dec. 129; Peralta v. Ginochio, 47 Cal. 459; 4 Wait, Act. & Def. 259.

In England and Pennsylvania a natural person can defend against an action on a lease if he was in possession when it was

made, and has paid rent under it, if the lease was obtained by fraud or was signed in mistake of fact.

Payment of rent in all cases furnishes a strong presumption against the tenant, and it is always a good prima facie case for the landlord; but this is open to explanation, for when it has been paid under a misrepresentation, the tenant is not estopped from resisting further payment after discovery of the mistake. Gravenor v. Woodhouse, 1 Bing. 38.

In replevin proof of payment of rent to the avowant is prima facie evidence that he is the owner of the land. Rogers v. Pitcher, 6 Taunt. 202.

But where the plaintiff did not originally receive the possession of the land from the avowant, it is competent for the plaintiff to rebut the title of the avowant by showing that he paid rent under circumstances which did not entitle the avowant to the rent. Cornish v. Searell, 8 Barn. & C. 471; Fenner v. Duplock, 2 Bing. 10.

That a tenant should not be permitted to contest the title of his landlord is a principle for the encouragement of justice and good faith; but it was certainly a departure from the strict rule of law, and therefore must not be used as an instrument of fraud or violence. Hamilton v. Marsden, 6 Binn. 47.

Even an alleged tenant is not precluded, by the payment of rent or by attornment, from showing that these acts were obtained by fraud, misrepresentation or misapprehension of the facts. Cornish v. Searell, 8 Barn. & C. 471; Rogers v. Pitcher, 6 Taunt. 202; Gravenor v. Woodhouse, 1 Bing. 38; Fenner v. Duplock, 2 Bing. 10; Thayer v. Society of United Brethren, 20 Pa. 62; Cramer v. Carlisle Bank, 2 Grant Cas. 267.

A tenant may impeach his landlord's title, whenever he can show that he was induced to take a lease by misrepresentation and fraud. Miller v. M'Brier, 14 Serg. & R. 382.

A man cannot grant that which he hath not, or more than he hath; although he may covenant to purchase an estate and levy a fine to uses, which will be good. Bacon's Maxims, 58.

"A lease doth properly signify a demise or letting of land, etc., unto another for a lesser time than he that doth let it hath in it." Shep. Touch. 266.

A man cannot make a valid lease to another, who is in possession of land, when such lessor has no interest, title, possession, or right of possession in the premises he lets. The tenant, under

a lease made by such a lessor, should never be estopped from disputing his landlord's title. Hall v. Benner, 1 Penr. & W. 407, 21 Am. Dec. 394; Hockenbury v. Snyder, 2 Watts & S. 249; Baskin v. Seechrist, 6 Pa. 164; Robins v. Kitchen, 8 Watts, 390; Brown v. Dysinger, 1 Rawle, 415; Gleim v. Rise, 6 Watts, 45; Evans v. Bidwell, 76 Pa. 501; Ward v. Philadelphia, 3 Sad. Rep. 233; Berridge v. Glassey, 4 Sad. Rep. 581.

A lease entered into by the president and secretary of a school district, in pursuance of a direction of the school directors of the district, by which it is agreed that the district shall pay rent for land in its possession for school purposes to one without title or right to possession, is *ultra vires*.

The duties and powers of the officers or public agents of the corporation are prescribed by statute or charter, which all persons not only may know, but are bound to know. 1 Dill. Mun. Corp. 2d ed. § 381.

Municipal corporations are creations of law, and can exercise only the powers conferred by law and take none by implication. Leavenworth v. Rankin, 2 Kan. 358. See also Philadelphia v. Flanigen, 47 Pa. 27; Hague v. Philadelphia, 48 Pa. 527.

The act of May 8, 1854, § 23 (P. L. 622), confers upon the directors of every district and comptrollers in cities and boroughs, *inter alia,* the power and duty to "cause suitable lots of ground to be procured and suitable buildings to be erected, purchased, or rented for school houses," etc., but does not give the directors power to relinquish any right the district has without consideration.

The school directors are the trustees for the district; and in default of the appointment of trustees to manage lands dedicated for school purposes for the benefit of the inhabitants of a town plot, the management would devolve upon the school directors under the common law, independent of the acts of assembly conferring it upon them. Pott v. Pottsville, 42 Pa. 132.

The school directors have no right to relinquish property belonging to others. McKissick v. Pickle, 16 Pa. 148.

An officer of a municipal corporation cannot bind the city unless by an act he was legally authorized to do. Dunnigan v. Titusville, 4 Legal Gaz. 234.

A diversion of the municipal property to purposes other than those prescribed by the act will consequently be illegal, upon the

double ground of its being a breach of trust and also *ultra vires.* Green's Brice, Ultra Vires, 58.

*Robert Snodgrass,* for defendant in error.—A lease given in good faith by one party and accepted by another, with his eyes open, is valid and binding upon both. The mere fact that the tenant has a better title than his landlord does not itself raise the presumption that the lease was a fraud or accepted by mistake. Thayer v. Society of United Brethren, 20 Pa. 60; Ward v. Philadelphia, 3 Sad. Rep. 233.

The evidence offered did not tend to prove any fraud whatever on the part of the plaintiff; it simply amounted to a claim on his part of title; and there is nothing in the evidence offered that could take the case out of the rule that a tenant cannot dispute his landlord's title.

PER CURIAM:

The defendant below was the lessee of the plaintiff; and there is no proof that the lease was obtained from the school district by any species of craft or fraud. The court, therefore, properly held that the tenant could not impeach its lessor's title.

The judgment is affirmed.