[Nicrosi v. Phillipi.]

# Nicrosi *v.* Phillipi.

| 91 | 299 |
| 93 | 319 |
| 91 | 299 |
| 95 | 258 |
| 91 | 299 |
| 97 | 592 |
| 97 | 602 |
| 91 | 299 |
| 103 | 318 |
| 104 | 430 |
| 91 | 299 |
| 108 | 446 |
| 91 | 299 |
| 142 | 612 |
| 142 | 616 |

*Actions for Unlawful Detainer, and for Use and Occupation.*

1. *Unlawful detainer; title, and prior possession.*—In an action of unlawful detainer (Code, § 3381), the right of possession only is involved, and the question of title can not be litigated; but, while the plaintiff is required to show prior actual possession in himself, or in some one holding for him, such possession is sufficient if it antedates the commencement of the defendant's wrongful possession, though not the commencement of his original rightful possession; and a landlord may recover, not only against a tenant who entered under him, but also against one who, having attorned to him as landlord, holds over after the expiration of his term.

2. *Estoppel between landlord and tenant.*—In the absence of fraud and mistake, a tenant is estopped to deny the title of the landlord under whom he entered, or to whom he has attorned, being already in possession, and from whom he has accepted a lease.

3. *Husband's curtesy in wife's lands.*—The husband does not become tenant by curtesy of his wife's lands, unless there is issue born alive of the marriage; *and it seems,* he is not entitled to curtesy in lands which are conveyed to the sole and separate use of the wife, excluding his marital rights.

4. *Aliens; right to inherit lands.*—On the death of the wife, intestate, leaving no children or other descendants, her brothers and sisters, though non-resident aliens (Code, § 1914), inherit lands held to her sole and separate use, to the exclusion of her husband, a naturalized citizen, whose marital rights were excluded by the deed of conveyance.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

These two actions were brought by John B. Nicrosi, as the administrator of the estate of Mrs. Jeannette Giuly, deceased, against Eugene Phillipi; one being an action of unlawful detainer, to recover a certain house and lot in the city of Montgomery, which belonged to Mrs. Giuly at the time of her death, and of which the defendant was then in possession as tenant; and the other to recover for the use and occupation of the premises, from the 5th July, 1886, until the 15th December, 1887. The action for use and occupation was commenced on the 27th January, 1888, and the action for unlawful detainer on the 7th January, 1889. The action of unlawful detainer resulted in a verdict and judgment for the plaintiff in the justice's court, and the cause was removed by the defendant into the Circuit Court, where the two cases were tried on the same statement of agreed facts, "subject to legal exceptions."

The agreed facts, in substance, were these :   The house and lot was conveyed to Mrs. Jeannette Giuly, by A. Roemer and wife, by deed dated 7th June, 1876 ; the conveyance being to her sole and separate use, and excluding the marital rights of her husband, Antoni Giuly.   The court admitted the deed as evidence, against the objection and exception of defendant. Mrs. Giuly was a native of Belgium, but came to Alabama more than twenty years ago ; and she was here married in 1872, to said Antoni Giuly, a native of France, who came to Alabama in 1856, and became a naturalized citizen of the United States in 1865.   In May, 1882, Giuly and wife executed to Nicrosi, the plaintiff in these suits, a power of attorney, authorizing him, among other things, "to rent out said property, for such length of time, on such terms, and on such security, as he may deem advantageous, and to bring suit in our or either of our names for such rent," &c.   Acting under this power of attorney, "as the agent of the said Jeannette and Antoni Giuly," Nicrosi rented the property on the 1st October, 1882, to the defendant, for the term of one year, at the rate of $40 per month, taking the defendant's notes for the monthly rent, payable to himself as such agent.   The defendant entered under this lease, and continued in possession, under annual renewals, until the 1st October, 1885; "and he has been in the actual possession of the premises continuously up to the present time."

Giuly and his wife went to Europe in 1884, and neither of them ever returned to this country.   Mrs. Giuly died in Belgium, on or about the 4th June, 1885, and said Antoni is still living abroad.   Giuly and his wife had no children, and her next of kin were her surviving brothers and sisters, all of whom are natives and residents of Belgium ; and they claim the house and lot, with the unpaid rents, as her heirs at law. At some time between the 1st October, 1885, and the 13th December, 1887, the property was sold for unpaid taxes due the State, county, and city of Montgomery ; and the defendant became the purchaser.   On the 12th December, 1887, letters of administration on the estate of Mrs. Giuly were granted by the Probate Court of Montgomery to said Nicrosi ; and the validity of that grant was sustained by this court, on appeal from a subsequent order revoking it on motion of said Antoni. *Nicrosi v. Giuly*, 85 Ala. 365.   On the 13th December, 1887, Nicrosi, as administrator, redeemed the property from the defendant; and on the settlement then had between them, as shown by the written memorandum adduced in evidence, the defendant was allowed a credit for the amount of taxes paid, with interest and insurance, amounting to $179.23, and paid to

Nicrosi $230.70, as the balance of rent due up to July 5th, 1886; but the rents accruing from that date up to the day of the settlement, being in dispute, were left open for future adjustment, being the rents (or value of use and occupation) involved in one of these suits. At the time of this settlement, "the defendant gave his notes to Nicrosi for $40 each, monthly rent, from that date to October 1st, 1888 ;" and he paid the notes as they matured until May, 1888, when he was notified by Antoni Giuly that he claimed the property and the rents; and after that time he attorned to said Antoni, and acknowledged that he was holding under him. It was admitted "that defendant was induced to make said settlement, and to give his notes as above stated, on the representation of said Nicrosi to him that Antoni Giuly had no legal right or claim to the property, and that he (Nicrosi) had been so advised by counsel to whom he had submitted the question."

On these facts, the court charged the jury, on request, in each case, that they must find for the defendant, if they believed the evidence; and refused to give the general charge for the plaintiff, as requested. The plaintiff excepted to the charge given, and to the refusal of the charge asked; and he now assigns these rulings as error.

JERE N. WILLIAMS, and WATTS & SON, for appellant.—The tenant can not, in any form of action, deny or dispute the title of the landlord under whom he entered, or to whom he has attorned; and he is equally estopped to dispute the title of his landlord's administrator.—*Caldwell v. Smith*, 77 Ala. 157 : *Elliott v. Dycke*, 78 Ala. 150 ; *King v. Bolling*, 77 Ala. 594 ; *Crim v. Nelms*, 78 Ala. 604 ; *Palmer v. Steiner*, 68 Ala. 400 ; *Faris v. Houston*, 74 Ala. 162 ; *Norwood v. Kirby*, 70 Ala. 397 ; *Russell v. Erwin*, 38 Ala. 44 ; *Cook v. Cook*, 28 Ala. 660 ; *Smith v. Mundy*, 18 Ala. 182 ; *Pope v. Harkins*, 16 Ala. 321 ; *Rogers v. Boynton*, 57 Ala. 501 ; *Campbell v. Davis*, 85 Ala. 56. (2.) Here, the defendant entered under Mrs. Giuly, and attorned to her administrator after her death; and the attornment was not procured by any fraud or mistake. The land was conveyed to Mrs. Giuly, to her sole and separate use, excluding the marital rights of her husband ; and he never became tenant by the curtesy.—*Carrington v. Richardson*, 79 Ala. 101 ; *Short v. Battle*, 52 Ala. 546 ; 53 Ill. 495 ; 3 Lea, Tenn. 714 ; 4 Watts & S. 95 ; 13 Penn. St. 267 ; 4 Kent's Com., 31 ; Tied. R. P., § 105, note 3. (4.) On the death of Mrs. Giuly, intestate, and having had no children, the title to the land descended to her brothers and sisters, as her heirs at law, subject to the statutory rights of her administrator ; and

[Nicrosi v. Phillipi.]

the fact that they were non-resident aliens did not destroy or affect their rights to the inheritance.—Code, § 1914; *Harley v. State*, 40 Ala. 696; *People v. Rogers*, 13 Cal. 165; 21 Iowa, 540.

JOHN GINDRAT WINTER, *contra.*—The defendant acquired possession originally under a joint lease from husband and wife; and the presumption being that they were tenants in common, an action can not be maintained against him by one of them alone.— *Wood v. Montgomery*, 60 Ala. 503; *Gayle v. Johnson*, 80 Ala. 395; *Minor v. Lorman*, 38 S. W. Rep. 18. This presumption can not be traversed in unlawful detainer, for title would thereby be put in issue. But, if the power of attorney authorizes the inference that the property belonged to the wife, the legal presumption at once arises that she holds it as a statutory estate.—*Patterson v. Kicker*, 72 Ala. 406; *Bolman v. Overall*, 86 Ala. 171; *Steed v. Knowles*, 79 Ala. 449; *Warren v. Barnett*, 83 Ala. 208; *Boyette v. Potter*, 80 Ala. 476. On the death of the wife intestate, the surviving husband acquired a life-estate in property thus held (Code, § 2353), and the wife's administrator acquired no interest in it, nor control over it; and if she left any debts, they could not be enforced against the property after her death.—*Rodgers v. Brazeale*, 34 Ala. 512; *Janney v. Buell*, 55 Ala. 408; *Canley v. Blue*, 62 Ala. 77.

The deed of Roemer and wife was not admissible as evidence to rebut these legal presumptions, for that would be inquiring into the title; but, having been admitted, if it can be considered by the court, it creates in the wife an equitable estate; and as to such estates, the husband is recognized at law as the holder of the legal title, and the wife's rights are only recognized in equity.—*Pickens v. Oliver*, 29 Ala. 528; *Short v. Battle*, 52 Ala. 456; *McCall v. Jones*, 72 Ala. 368; 1 Brad. & W. 443; 11 Barb. 572; 5 M. & W. 141; 2 Brick. Digest, 89, § 253. At law, therefore, the defendant was the tenant of Antoni only; and if his estate determined on the death of his wife, neither her administrator nor her heirs could maintain unlawful detainer against him or his tenant, because the relation of landlord and tenant never existed between them, nor is there any privity of estate or blood between the tenant for life (or his tenant) and the reversioner.—Herm. Estoppel, 842, § 711.

It is said that the defendant is estopped to deny the title of the plaintiff, because he had attorned to him, and accepted a lease from him. But that attornment was made without a surrender of the possession to Antoni, under whom he

[Nicrosi v. Phillipi.]

entered, and without his consent; and it was fraudulent and void in law, as against Antoni's rights.—*Crim v. Nelms*, 78 Ala. 504; *Elliott v. Dycke*, 78 Ala. 150; *Farris v. Houston*, 71 Ala. 570; *Campbell v. Davis*, 85 Ala. 56; *Dumas v. Hunter*, 25 Ala. 711; *Shelton v. Carroll*, 16 Ala. 148; *Kennedy v. Reynolds*, 27 Ala. 376; *Cain v. Gimon*, 36 Ala. 168; *Norwood v. Kirby*, 70 Ala. 397; *Russell v. Erwin*, 38 Ala. 45; *Br. Bank v. Fry*, 23 Ala. 70; *Clark v. Stringfellow*, 4 Ala. 353; *Byrne v. Beason*, 1 Doug. Mich. 179; *Keith v. Park*, 55 Iowa, 260; 33 Cal. 244; *Fuller v. Sweet*, 30 Mich. 240; *Jackson v. Colton*, 5 Wend. 246; 3 Peters, 43; 5 Cowen, 123; *Morgan v. Ballard*, 1 A. K. Marsh. 558; 17 B. Monroe, 19; 5 Watts, 387; 2 Johns. 402; 21 Fed. Rep. 894; Greenw. Public Policy, 306; Herm. Estoppel, 360, § 61; 3 Taylor's Land. & Tenant, §§ 707–08.

Again: The fact that Nicrosi induced the alleged attornment by representations to the defendant that Antoni had no title, is at least a legal fraud, if the representation be true in fact; since he thereby induced the tenant to deny his landlord's title, and an inquiry into its truth or falsity would involve a question of title. The rule which estops a tenant from disputing his landlord's title, primarily applies to the landlord from whom he acquired the possession; otherwise, the rule of protection, founded in public policy, might be converted into a weapon of offense for its destruction.

Antoni was made a party defendant, on his own motion. *Byrne v. Beason*, 1 Doug. 184; 2 Johns. 400; *Clark v. Stringfellow*, 4 Ala. 353; *Ex parte Webb*, 58 Ala. 109. As against him, the action can not be maintained; nor can it be maintained against his tenant, whose possession is his.

One of the admitted facts is, that Nicrosi failed to report the renting to the Probate Court, as required by the statute. Code, § 2102. Hence, the relation of landlord and tenant between him and the defendant was never created.—*Cruikshanks v. Luttrell*, 67 Ala. 320; *Chighizola v. LeBaron*, 21 Ala. 412; *Martin v. Williams*, 18 Ala. 194.

McCLELLAN, J.—These two cases, which were argued and submitted together, involve respectively the right of the administrator of Jeanette Giuly, deceased, to maintain the action of unlawful detainer for certain lands alleged to have belonged to her in her life-time, and an action for use and occupation of the same by Phillippi for a period subsequent to her death, he having held over after the expiration of a term for which he entered, and which expired before her death. The general charge was asked by both parties on the trials below, and de-

nied to plaintiff, and given for the defendant; and this action of the City Court is now presented for review.

The principles of law applicable to the facts of the case, and obtaining with respect to both forms of action, are few and familiar. We will, for convenience, first consider separately the unlawful detainer case.

That action is cognizable before justices of the peace. These officers have, and can have under the present Constitution, no jurisdiction to try questions of title to land.—Const. Art. VI, § 26; *Webb v. Carlisle*, 65 Ala. 313. The statute conferring the jurisdiction here invoked, expressly inhibits all inquiry into the merits of the title.—Code, § 3389. And the decisions of this and all other courts are uniform to the effect, that title is not within the issue involved in this action.— *Welden v. Schlosser*, 74 Ala. 355; *Houston v. Fariss*, 71 Ala. 570; 8 Amer. & Eng. Encyc. of Law, p 126. The thing that is involved is such right of possession between the parties to the record, as may be worked out and adjudged aside and apart from all considerations of title; and, hence, wholly regardless of whether the plaintiff, or defendant, or a third person, has the superior claim to the ownership of the property. The action is maintainable by any one entitled to the immediate possession, against any one unlawfully withholding possession, where the relation of landlord and tenant exists between the parties.

It is insisted here, that the plaintiff's right to recover must, in all cases, rest upon a prior actual possession—actual in the sense of being *possessio pedis* by him personally, and prior in the sense of antedating defendant's entry. This is not the law. The books are full of declarations to the effect, that in this action, and in that of forcible entry and detainer, the plaintiff must show prior actual possession. We have no purpose to dissent from that view in any particular. It is not meant thereby, however, that the plaintiff in unlawful detainer must show actual possession, either in himself or in another for him, antedating the entry of the defendant. What is meant is, that he shall prove an actual possession in himself prior in point of time to the inception of the *wrongful possession* of the defendant—prior to the beginning of the *unlawful detainer* by the defendant. Where the *gravamen* of the action is forcible entry, the plaintiff's possession must, of course, antedate the entry, since that is an offense only against the then existing possession, and must be redressed by the party who had that possession. But, here, the offense is against the possession which existed up to the moment of time when the defendant ceased to hold under his lease, and assumed to hold

[Nicrosi v. Phillipi.]

otherwise than in subordination to him whose possession he theretofore had. So long as the tenant holds under his lease, his actual possession is the actual possession of the landlord ; and proof of this actual possession, through and by his tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration.

Conditions of fact are very numerous, which, while involving no prior actual possession in the person of him who asserts the right to the possession, yet constitute the relation of landlord and tenant between the parties, with all the rights, remedies, limitations and estoppels, incident thereto. Thus, for instance, the relation exists between the heir, upon descent cast, and the tenant of the ancestor (*Beezley v. Burgett*, 15 Iowa, 192; *Turley v. Foster*, A. K. Marsh. (Ky.) 204; *Stinson v. Gosset*, 4 Ala. 597; *Dwine v. Brown*, 35 Ala. 596; *Hightower v. Fitzpatrick*, 42 Ala. 597) ; between a mortgagee, after default, and a mortgagor, who remains in possession under a contract to pay rent (*Strauss v. Harrison*, 79 Ala. 324) ; between a vendee and a vendor, who retains possession after conveyance under like agreement (*Vancleave v. Wilson*, 73 Ala. 387) ; between the personal representative, who has taken the statutory steps necessary to an appropriation of the decedent's land or its rents to the debts of the estate, and a tenant originally let in by the latter (*Lass v. Eisleben*, 50 Mo. 122; *Scott v. Lloyd*, 16 Fla. 151; *Moody v. Ronaldson*, 38 Ga. 652) ; between a purchaser from the lessor, pending the term, and the tenant under the lease (3 Brick. Dig. p. 599, § 28 *et seq.*) ; and in general, it may be said, between a person in possession who accepts a lease from, or attorns to another, who in good faith claims title to the land. And in all such cases, the landlord is in actual possession by his tenant, and upon this possession may well ground his right to oust the tenant, who holds over after the expiration of the term, in the action of unlawful detainer.—Taylor's Land. & Ten. §§ 705, 713 *et seq.* ; *Lecatt v. Stewart*, 2 Stew. 474; *Beck v. Glenn*, 69 Ala. 126 ; *King v. Bolling*, 77 Ala. 594.

In the case at bar, the defendant, though .at the time and theretofore in possession of the premises, in December, 1887, accepted a lease from the plaintiff as administrator of Jeanette Giuly, retained possession thereunder, and paid for a time the monthly installments of rent as they fell due. His possession during the term of this lease was the possession of Nicrosi ; being actual, plaintiff's possession was actual; and antedating the unlawful detention, was prior possession in the plaintiff,

[Nicrosi v. Phillipi.]

in the sense necessary to affording a predicate for the recovery here sought.

One of the familiar incidents of the relation of landlord and tenant is the estoppel which seals the lips of the latter to deny the title of the former; and in the application of this doctrine, it is entirely immaterial whether the tenant was let into the possession by the landlord, or, being already in possession, accepts a lease from, or attorns to the party claiming to be the landlord. In the absence of fraud and mistake, the tenant, however or under whomsoever he entered into possession, is estopped to deny the title of the party under whom he holds by the acceptance of a lease, or by attornment.—*Lyon v. Washburn,* 3 Cal. 201; *Thayer v. Society,* 20 Pa. St. 60; *McConnell v. Bowers,* 4 T. B. Mon. (Ky.) 392; *Patterson v. Hansel,* 4 Bush, (Ky.) 654; *Richardson v. Harvey,* 37 Ga. 224; *Berridge v. Glassey,* 7 Atl. Rep. 749; *School District v. Long,* 10 Atl. Rep. 769; *Tyler v. Davis,* 61 Texas, 764; *Terry v. Ferguson,* 8 Port. 502; *Griffiith v. Parmley,* 38 Ala. 393; *Beck v. Glenn, supra; King v. Bolling, supra.*

It is insisted here, however, that the estoppel does not obtain, because the defendant was induced to accept a lease from the plaintiff, and to attorn to him, by fraudulent representations made by the latter as to the title to the land, or through a mutual mistake of the parties as to the title being in plaintiff's intestate; and hence that it is open to defendant to show that plaintiff is not entitled to the possession, in that he neither had nor represented the title when the lease was accepted and the attornment made by the defendant. There are two reasons, either of which would be sufficient, why this line of defense could not be resorted to. In the first place, it involves an inquiry into the merits of the plaintiff's title; whether, for instance, the land belonged to the estate of his intestate, and whether he had intervened in the statutory method to appropriate the land or its issues to the payment of the debts of the estate; and, as we have seen, no right of defense which depends for establishment and effectuation on any question of title, can be availed of in this action. It is quite an error to suppose that the case relied on by plaintiff involves any such question. He stands upon the lease he has made, and which the defendant has accepted—and this though he may have had no right to make it, and its acceptance was in no wise incumbent on the defendant—and the estoppel which closes the lessee's mouth to impeach it. No abstract right to the ownership of the land is involved. If this were otherwise, and this action ejectment instead of unlawful detainer, it may be that the principle declared in *Crim v. Nelms,* 78 Ala. 604, would apply;

but to apply it here, would be in the teeth of the Constitution, the statute, and all authoritative adjudications which inhibit all inquiry into title. The other reason why this line of defense will not avail is, that the evidence shows that Nicrosi made no misrepresentations as to the title under which he claimed, nor was he at all mistaken in respect thereto. The representation relied was, that the land belonged to Jeannette Giuly in her life-time, and that her husband, Antony Giuly, had no title or interest in it. This is eminently true under the admitted facts of this case.

The muniment under which Jeannette held the land, vested it in her to her sole and separate use, and excluded all the marital rights of Antoni. It may be—indeed, we incline to this as the doctrine better supported by reason and authority, though we have an adjudication to the contrary, *Smoot v. Lecatt*, 1 Stew. 590—that this fact, of itself, suffices to defeat an estate by curtesy in the surviving husband.—*Carrington v. Richardson*, 79 Ala. 101. But, if it be conceded that the instrument does not have this effect, the failure of issue born alive to the marriage of Jeannette and Antoni does defeat tenancy by the curtesy in the latter; and the estate, not being statutory in the wife, descends on her death to her heirs, freed from all right and interest of the husband.—*Grimball v. Patton*, 70 Ala. 626.

It is equally clear that Antoni is not an heir of his deceased wife, under the admitted facts. Her lands descended to her brothers, under our statute of descents. The fact that they are non-resident aliens, is not material. It is specially provided in our law that aliens, resident or non-resident, may take and hold property by purchase, descent, or devise, as native citizens.—Code, § 1914; Code of 1876, § 2860. And this statute, passed February 25, 1875, was not affected by the subsequent ordination of the Constitution of 1875, in which it is declared that foreigners, who are *bona fide* residents, shall enjoy the same rights in respect to the possession, enjoyment and inheritance of property, as native-born citizens, either standing alone, or in connection with the fact, when applied to this case, that Antoni is a naturalized citizen. The constitutional provision was a limitation merely on the otherwise boundless power of the legislature in the premises, and not a grant of power in any sense.—*Birmingham v. Klein*, 89 Ala. 461. It forbade the legislature to make any discrimination against resident foreigners; but it leaves the competency of the law-making power quite ample to conferring on non-resident aliens the same property rights as may be enjoyed by such resident foreigners, or by native or naturalized citizens. *People v. Rodgers*, 13 Cal. 165.

[Peagler v. Stabler.]

Nicrosi, therefore, made no misrepresentation as to the title of Jeannette Giuly, nor as to the lack of title in Antoni Giuly; nor did he or the defendant labor under any mistake in the premises, which conduced to the acceptance of the lease by the latter. The estoppel to deny the rights asserted by Nicrosi is still upon him in every aspect of the case; and having held over after the expiration of the term, the court, on the agreed facts, should have given the general charge requested by the plaintiff in the action of unlawful detainer.

Like considerations lead to the same result in the action for use and occupation. The defendant having attorned to Nicrosi, settled with him as administrator for a part of the rent in arrears in December, 1887, and undertaken to pay the balance, can not now be heard to question his right to demand and receive such balance.—*Powell v. Mortgage Co.*, 89 Ala. 490, and authorities *supra*.

It follows that the judgment below in each case must be reversed, and both cases remanded.

Reversed and remanded.